10833. BACON, administrator, *v.* DANNENBERG COMPANY.

BROYLES, C. J. 1. A general agency exists where there is a delegation of authority to do all acts in connection with a particular trade or business, and in such a case the principal is bound by the acts of his agent within the apparent scope of his authority. *Foster* v. *Jones,* 78 *Ga.* 150 (1 S. E. 275).

2. "Whenever a general agency has been established for any purpose, all persons who have dealt with the agent have a right to assume that his authority to deal with them in behalf of his principal continues, until notice, express or implied, has been conveyed to them that the agency has been revoked. It follows, that until notice has been brought home to them, the acts of the agent within the apparent scope of his authority will be binding upon the principal, even though the agent may assume to act in his representative capacity after his authority to do so has been revoked." *Burch* v. *Americus Grocery Co.,* 125 *Ga.* 153 (53 S. E. 1008).

3. Private instructions or limitations not known to persons dealing with a general agent are not binding upon such persons. Park's Ann. Code, § 3595.

4. Where one holds out another as his agent, and by his course of dealing indicates that the agent has certain authority, and thus induces a third

person to deal with his agent as such, he is estopped to deny that the agent has any authority which, as reasonably deducible from the conduct of the parties, the agent apparently has. *Armour Fertilizer Works* v. *Abel*, 15 *Ga. App.* 275, 280 (82 S. E. 907); *Germain Co.* v. *Bank*, 14 *Ga. App.* 88, 93 (80 S. E. 302).

5. A merchant whose agent purchases goods on credit is liable for their purchase price, where he receives and retains the goods and accepts the benefit of the contract, whether or not the agent had the authority to make the purchase. *McDowell* v. *McKenzie*, 65 *Ga.* 631; *Haney School Furniture Co.* v. *Hightower Baptist Institute*, 113 *Ga.* 289 (38 S. E. 761); *Sutton* v. *Farmers Warehouse Co.*, 11 *Ga. App.* 340 (75 S. E. 336).

6. Under the particular facts of this case there is no substantial merit in either of the first two special grounds of the motion for a new trial.

7. The 3d special ground of the motion for a new trial complains of the refusal of the court to exclude certain testimony. Some of this testimony was clearly admissible, while another portion of it was as clearly inadmissible, but the motion having been to reject all of it, the court did not err in overruling the motion. *Fricker* v. *Americus Improvement Co.*, 124 *Ga.* 165 (9) (52 S. E. 65).

8. The documentary evidence, the admission of which is complained of in the 4th special ground of the motion for a new trial, not being set out, either literally or in substance, in the ground of the motion, or attached thereto as an exhibit, this ground can not be considered.

9. When the principles of law enunciated in the first five preceding paragraphs are applied to the facts of this case, a verdict for the plaintiff is demanded. While there was some conflict in the evidence as to whether the agent was authorized by his principal to purchase the goods, and as to whether he bought them for his principal or for himself individually, these issues of fact, under all the other undisputed facts of the case, were not material and did not require a submission to the jury. It follows that the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 9, 1919.

Complaint; from city court of Hazelhurst—Judge Knox. July 5, 1919.

*W. A. Wooten, A. P. Bell,* for plaintiff in error.
*Roberts & Smith, Hardeman, Jones, Park & Johnston,* contra.