## 19881. PATTERSON v. SOUTHERN RAILWAY COMPANY.

JENKINS, P. J. 1. "Without special authority, attorneys can not receive anything in discharge of a client's claim but the full amount in cash." Civil Code (1910), § 4956. But "the authority of an agent in a particular instance need not be proved by express contract; it may be established by the principal's conduct and course of dealing, and if one holds out another as his agent, and by his course of dealing indicates that the agent has certain authority, and thus induces another to deal with his agent as such, he is estopped to deny that the agent has any authority which, as reasonably deducible from the conduct of the parties, the agent apparently has." Germain Co. v. Bank of Camden County, 14 Ga. App. 88 (80 S. E. 302)." Armour Fertilizer Works v. Abel, 15 Ga. App. 275, 280 (82 S. E. 907); Bacon v. Dannenberg Co., 24 Ga. App. 540 (4) (101 S. E. 699).

2. In the instant suit for damages on account of the loss of certain mules shipped by freight over the defendant's railroad there was evidence on behalf of the defendant that the attorney who represented the claimant in presenting his claim for such damages to the defendant had theretofore handled such claims with the defendant and other carriers, and had been "recognized as his claim adjuster for over ten years;" that such attorney had previously handled claims for the plaintiff and sometimes settled such claims on his own individual authority, and frequently when his client was out of town consulted with the bookkeeper and settled such claims; that no trouble had ever arisen with the client on account of such previous settlements. The plaintiff testified, with respect to the instant claim, that he told the attorney "to handle this

claim with the railroad;" that the attorney had previously handled "a great many claims for overcharge," and "I put this in his hands to handle with the railroad;" that he did not say anything specific to the attorney when he turned the claim over to him, and did not give him specific instructions about the amount he should get, or authorize the attorney to accept anything less than the full amount of the claim. In these circumstances the jury were authorized to find from such long course of dealings that the attorney had authority from his client to settle the claim upon payment of less than the full amount in cash.

3. Where, under such circumstances, the attorney did agree upon a settlement of such claim for less than the full amount, and received from the defendant a check for the amount agreed upon, payable jointly to the client and the attorney, and indorsed the name of the client thereon and actually converted the check into cash, whether the attorney did or did not have authority to so endorse the check, the transaction amounted to payment to the attorney of the amount of cash represented by the check and actually received thereon, and was a payment pro tanto of the client's claim, whether the attorney was or was not authorized to accept in settlement a less amount than the full sum claimed. See, in this connection, *Kaiser* v. *Hancock*, 106 *Ga.* 217, 219 (32 S. E. 123). Accordingly, the court did not err in charging the jury that in any event the defendant would be entitled to credit for the amount actually received by such attorney.

(a) Where the client, upon being informed of the receipt of such funds by the attorney, demanded payment thereof from the attorney, and in correspondence with the defendant disclaimed the authority of the attorney to indorse the client's name upon the check, and called upon the defendant to pay the amount of the check because it had been paid without the client's indorsement, referring to its claim as one for the amount for which the check was issued, and in no wise repudiating the authority of the attorney to actually settle the claim for less than the full amount thereof, the jury would be authorized to find that the client had ratified the action of the attorney, not in illegally indorsing the check, but in settling the claim for less than the full amount. See, in this connection, *Byrne* v. *Doughty*, 13 *Ga.* 46; *Burr* v. *Howard*, 58 *Ga.* 564. Accordingly, the court did not err in charging the jury upon the law of ratification.

4. In such a case, where suit was brought upon the claim for damages as presented to the defendant company, and the liability of the defendant was in no wise predicated upon its having paid the voucher check given to the attorney without the indorsement of the plaintiff, and the defendant defended by setting up that the claim had been settled, and the plaintiff, by his evidence, contended that the settlement was not binding, because of lack of authority of the agent who made it, it was not necessary for the defendant to plead a ratification by the plaintiff of the acts of the agent, in order to avail himself thereof.

5. The charge of the court was full and fair, the principles requested to be charged which were pertinent were covered by the charge given, the evidence authorized the verdict in favor of the defendant, and for no

**96**

reason assigned can it be here set aside. Accordingly, the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 12, 1930. REHEARING DENIED FEBRUARY 12, 1930.

*Watkins, Asbill & Watkins,* for plaintiff.

*McDaniel, Neely & Marshall, W. O. Wilson,* for defendant.

ON MOTION FOR REHEARING.

JENKINS, P. J. A motion for rehearing was presented by the plaintiff in error in this case, in which it is contended that the court in its decision overlooked that section of the negotiable-instruments act of 1924, embodied in Michie's Code (1926), § 4294 (41), which reads as follows: "Where an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse, unless the one indorsing has authority to indorse for the others." The contention is made that under the cited section of the negotiable-instruments act the signature by the attorney of his client's name together with his own, being without authority, amounts to nothing more than a forged indorsement of the client's name, and that, consequently, the defendant acquired no right or protection under the unauthorized signature made on behalf of the client.

In dealing with this contention it will be assumed, as was held in another portion of the original syllabus, that the compromise of the claim was authorized. The only question now being considered is whether or not, after such valid compromise of the claim, the defendant in the court below will be protected in the payment of its check because of the alleged lack of authority of the attorney to sign his client's name to the check given in payment of the sum agreed upon in the compromise. As we understand the case, the defendant had the right, upon the authorized settlement being agreed upon, to pay over the money to the recognized attorney in cash, or to settle the same by a check made to the plaintiff's attorney alone, the one vital question being whether the plaintiff, directly or through his authorized attorney, actually received the amount agreed upon. There is no dispute in this case that such was the fact. The plaintiff, through his attorney, received the

amount agreed upon by the compromise. The contention of the plaintiff is that because the defendant, for some reason of its own, saw proper to make the check payable both to the attorney and the client, the receipt of the money by the attorney, in the absence of an indorsement of the check by the client, would not operate to settle the claim. The attorney being authorized to receive the money, we know of no reason why the defendant could not have withdrawn the check thus executed by it, and substituted a payment, either in cash or by a check payable to the attorney alone, if it saw proper to do so, provided it did not thus knowingly become a party to any contemplated fraud against the rights of the plaintiff. The payment of the check as indorsed by the attorney and by the client through the attorney certainly could not amount to more than the withdrawal of the check and the substitution of a money payment. Since it was altogether unnecessary to embody the name of the client in the check, and since his name was put there solely through the voluntary and unnecessary act of the defendant, the plaintiff acquired no contractual right against the defendant by reason of his name having thus been added to the face of the check in addition to that of the attorney employed to represent him, and the status between the parties remained the same as existed prior to the execution of the check. Consequently, the payment of the amount represented by the check, either to the client or to his attorney duly authorized to receive it, amounted to a settlement of the claim, unless it could be made to appear that the defendant knowingly participated in a fraud perpetrated by the attorney against his client. In the absence of any such knowledge, it was not the duty of the defendant to protect the client in controversies between the latter and his attorney by seeing that the money represented by the check was transmitted by the attorney into the hands of his client, the plaintiff.

As we conceive the question involved, the section of the negotiable-instruments act cited above has no applicability. As set forth by the editor's note to this section in Michie's Code, the principle of law embodied therein is "but a restatement of the law-merchant. The reason for this rule is that usually the payees have distinct and adverse interests to protect and neither acts in a representative capacity for the others or for a third person. When one does act in a representative capacity for the other or for

a third person, the reason for the rule is gone and the rule should likewise vanish." In the instant case the money belonged to the client; the lawyer was his duly authorized agent to receive it, not in his own right but in the right of the client by whom he had been thus employed, and, since the party who was entitled to receive the entire fund did receive it through his duly authorized agent, it must be held that the claim has been settled according to the terms of the compromise agreement entered into.

*Rehearing denied.*