21968.   SINCLAIR REFINING COMPANY *v.* FIRST NATIONAL BANK OF MOULTRIE.

JENKINS, P. J.   This was a suit against a bank for the amounts of several checks drawn to the plaintiff's order, some of which were drawn on the defendant bank, and some on other banks, which the defendant bank had cashed upon the indorsement of the plaintiff's name by one acting as agent.   The proceeds of these checks had been converted by the agent to his own use, and it is alleged that the agent was not authorized to indorse the plaintiff's name to checks.   The case was submitted to the trial judge, without the intervention of a jury, upon an agreed statement of facts.   The judge found in favor of the defendant bank, and the plaintiff excepted.   *Held:*

1. "The authority of an agent in a particular instance need not be proved by express contract; it may be established by the principal's conduct and course of dealing, and if one holds out another as his agent, and by his course of dealing indicates that the agent has certain authority, and thus induces another to deal with his agent as such, he is estopped to deny that the agent has any authority which, as reasonably deducible from the conduct of the parties, the agent apparently has." *Germain Co.* v. *Bank of Camden County,* 14 *Ga. App.* 88 (80 S. E. 302) ; *Armour Fertilizer Works* v. *Abel,* 15 *Ga. App.* 275, 280 (82 S. E. 907) ; *Bacon* v. *Dannenberg Co.,* 24 *Ga. App.* 540 (4) (101 S. E. 699) ; *Patterson* v. *Southern Ry. Co.,* 41 *Ga. App.* 94 (151 S. E. 818).

2. In the instant case it appears from the agreed statement of facts that the plaintiff oil company had, by a written instrument, employed the agent to sell its products within a certain territory on a commission basis, and that the agent had been engaged in such business for more than a year; that the agent was expressly authorized to receive in settlement for products sold "payment in the forms of checks or cash money," and that the proceeds of such sales were to be deposited daily by the agent in a bank to be designated by the plaintiff; that the agent

contracted to furnish a surety bond, acceptable to the plaintiff, to fully protect and indemnify it against loss of any monies or property coming into the hands of the agent. The only limitation upon the authority of the agent to indorse the plaintiff's name to checks received in payment for products sold was contained in secret instructions, unknown to the defendant, that such checks should be indorsed only for deposit in a certain bank different from the defendant bank. In the agreed statements of facts it was stipulated that all the checks and drafts in question were given to the agent by purchasers of the products of the plaintiff "in the general course of their dealings with him as selling agent" of the plaintiff, and in payment for products of the plaintiff "which were purchased from him [the agent] and which he was authorized to sell and collect for." It was further stipulated that the defendant bank "had no actual knowledge or information of any kind with reference to any restrictions or limitations that may have been placed on said agent's authority with reference to the sale of such petroleum products and the collection of the cash therefor or the indorsement of checks given therefor," and that the defendant bank, in cashing the checks, "relied upon the apparent authority of" the agent, knowing that the agent was authorized by the plaintiff company "to sell their products and collect therefor." Accordingly, under the ruling in the first division of the syllabus, the trial judge, sitting as court and jury, was authorized to find that the acts of the plaintiff's agent in indorsing the name of the plaintiff to checks given for products sold by him, and receiving the cash thereon, was within the scope of the apparent authority of the agent, and that the plaintiff was estopped to deny that the person who was actually its agent had the authority which, as reasonably deducible from the conduct and course of dealings of the parties, the agent apparently had. Consequently, whether or not, as between the plaintiff and the agent, the express authority conferred upon the agent by the written contract to sell the products of the plaintiff and to "deliver and collect for all products thus sold," and make "daily deposits of all collections in the bank designated by the company," should be construed to include the authority to indorse the name of the plaintiff to checks received for products sold, as a necessary and usual means of effectually executing the power and authority actually conferred (*Bass Dry Goods Co.* v. *Granite City Mfg. Co.*, 119 *Ga.* 124, 45 S. E. 980; *New York Life Ins. Co.* v. *Smith*, 39 *Ga. App.* 160, 147 S. E. 126), the court was authorized to find that under the undisputed facts as to the course of dealings of the parties, as between the plaintiff and the defendant, the agent was apparently authorized to act for the plaintiff in indorsing the checks.

3. One of the checks involved in the suit appears to have been indorsed by an employee of the agent, instead of the agent himself, but it is expressly stipulated that the proceeds of this check, which was drawn upon the defendant bank, were immediately paid over to the agent who was authorized to receive it, by the person indorsing the check. No contention was made in the trial court, and no contention is made in this court, that the transaction represented by this particular check stands upon any different basis than the other checks which had been indorsed by the agent himself. But even had such a contention been

made, since the particular check was drawn upon the defendant bank, under the ruling in *Sinclair Refining Co.* v. *Moultrie Banking Co.*, ante, no recovery on account of this check would be authorized in favor of the plaintiff as against the defendant bank upon which the check was drawn. *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 24, 1932.

*L. L. Moore,* for plaintiff. *W. G. Martin,* for defendant.