33831. COMMERCIAL CREDIT CORPORATION *v.* NOLES.

DECIDED JANUARY 23, 1952—REHEARING DENIED FEBRUARY 28, 1952.

*H. Thad Crawley, Martin, Snow & Grant,* for plaintiff.
*Dan S. Beland, J. R. Lunsford,* for defendant.

SUTTON, C. J.   The question raised by the exception is whether the evidence demanded a verdict for the plaintiff.   If it did, it was error to grant the defendant's motion for a new trial.   But if there were issues of fact raised by the evidence, then the trial judge in his discretion properly granted a new trial to correct his error in directing a verdict for the plaintiff.

The plaintiff in error contends that the possession of the written contract by one of its agents does not impliedly authorize such agent to receive payment of money on the contract before the time such payment falls due, according to the terms of the contract, and that even if there were such a presumption of authority, it was rebutted by the plaintiff's evidence that its agents had no such authority.

Regardless of whether an implication of authority to collect before maturity may arise where the agent has possession of an instrument which is evidence of the debt (see Code, § 4-308), the debtor who has made a payment before maturity is not precluded from otherwise establishing the authority of the agent receiving such payment.   *Roberts* v. *Bank of Eufaula,* 20 *Ga. App.* 221 (1) (92 S. E. 1015).   Noles' testimony was to the effect that he went to the plaintiff's Macon office and told a man who appeared to be working in the office that he wanted to pay off his automobile

contract; that this man went to the filing cabinet and got a regular brown file from which he took the same paper signed by Noles when he bought the automobile, and after Noles paid him $1457.46 in cash, this man stamped the contract, "Paid in Full," and handed it to Noles; that the man in the office to whom he paid the money appeared to be about thirty-five years of age, with dark hair, weighing 135 pounds, wearing a white shirt, and was in charge of handling the office papers. Noles, however, at the time of the trial, was unable to postively identify the man to whom he paid the money on April 22, 1950.

"Payment of money due to the creditor or his authorized or general agent, or one whom the creditor accredits as agent though he may not be so, or to his partner interested with him in the money, shall be good." Code, § 20-1001. Where a principal has "placed an agent in such a situation that a person of ordinary prudence conversant with business usages and the nature of the particular business is justified in assuming that such agent has authority to perform a particular act and deals with the agent upon that assumption, the principal is estopped as against such third person from denying the agent's authority; he will not be permitted to prove that the agent's authority was, in fact, less extensive than that with which he apparently was clothed. This rule is based upon the principle that where one of two innocent parties must suffer from the wrongful act of another, the loss should fall upon the one who, by his conduct, created the circumstances which enabled the third party to perpetrate the wrong and cause the loss." 2 Am. Jur. 86, 88, Agency, § 104; Code, § 37-113. We are cognizant of the general rule that "an agent's authority to make collections for his principal may not ordinarily be extended by implication so as to justify his collecting money before it is due, particularly a considerable time before the obligation matures." 100 A. L. R. 389, 390. This rule, however, does not apply where the principal by his acts or conduct makes it appear, to a person of reasonable prudence and good faith who deals with his agent, that such agent has such authority, for the principal may not assert that his agent has authority less extensive than that apparent authority which is reasonably deducible from the conduct of the parties. *Futch* v. *Royster Guano Co.*, 51 *Ga. App.* 305 (180 S. E. 368);

*Davis* v. *Citizens-Floyd Bank &c. Co.*, 37 *Ga. App.* 275 (139 S. E. 826) ; *Armour Fertilizer Works* v. *Abel*, 15 *Ga. App.* 275 (82 S. E. 907) ; *Germain Co.* v. *Bank of Camden County*, 14 *Ga. App.* 88 (80 S. E. 302) ; *Fitzgerald Cotton Oil Co.* v. *Farmers Supply Co.*, 3 *Ga. App.* 212 (59 S. E. 713) ; 2 Am. Jur. 136, Agency, § 171; 100 A. L. R. 389, 390.

If the defendant paid the money to someone working in the plaintiff's office in the presence of other employees, in the manner and under the circumstances as disclosed by the defendant's testimony, a jury would have been authorized to find that such payment was in satisfaction of the indebtedness as represented by the contract in question. Whether or not the payment was made and whether the party to whom it was paid, if paid, had apparent authority to receive it were issues of fact which should have been submitted to the jury, and the trial judge, having directed a verdict for the plaintiff corporation, did not err in granting the defendant's motion for a new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*