34083.   EQUITABLE CREDIT CORPORATION *v.*
JOHNSON.

Decided September 26, 1952.

*Robert T. Efurd, Alford Wall*, for plaintiff in error.
*Farris, Herzberg & Bohler*, contra.

Worrill, J.   (After stating the foregoing facts.)   ■   Special
ground 4 of the motion for new trial complains of the admission
of testimony of a witness for the plaintiff that she received
a check from the defendant, signed by Harry J. Lawrence, its
alleged agent, for work done by her, the objection being that the
check was the highest and best evidence.   Whether or not any
error was committed in allowing this testimony, it does not,
under numerous decisions, constitute reversible error, since
similar testimony was later admitted without objection.   More-

over, the objection is without merit for the reason that, as hereinafter explained, a prima facie case was made out for the plaintiff regardless of such testimony. *Christopher* v. *Georgian Co.*, 22 *Ga. App.* 707 (2) (97 S. E. 97); *Rogers* v. *Manning*, 200 *Ga.* 844 (1) (38 S. E. 2d, 724).

■ Special ground 5 complains of the admission in evidence of certain testimony to the effect that the alleged agent Lawrence lived for a while in a house furnished him by the defendant. While this ground of the motion states that the testimony was illegal for named reasons, it does not show what objection, if any, was urged at the time the testimony was given, and, therefore, no question is presented for decision.

■ Special ground 6 complains, in mere elaboration of the general grounds, that the verdict and judgment were contrary to and unsupported by the evidence, because it was disclosed that Harry J. Lawrence, the alleged agent, was not employed in any capacity by the defendant during 1947 and until the last of May, 1948. There was evidence to the contrary by other witnesses, and this conflict was for the determination of the jury, and the ground is without merit.

■ Special ground 7 complains that the verdict and judgment were contrary to and unsupported by the evidence, because the vice-president of the defendant corporation testified and the evidence showed that the automobiles repaired by the plaintiff were not owned by it. Nevertheless, the plaintiff testified that he was directed by Harry J. Lawrence, an alleged authorized agent of the defendant, to repair the automobiles, and an issue was raised on the trial as to his apparent authority by reason of the conduct of the defendant on former occasions in paying for work done at the direction of the said Lawrence. If such agency was found by the jury, as they were authorized to find, it was immaterial whether or not the cars later repaired by the plaintiff at the direction of Lawrence were actually owned by the defendant, he being under no obligation to investigate the title as to the automobiles which he was directed to repair by the apparent agent of the defendant.

■ Special grounds 8 to 15, inclusive, involve the question whether or not the automobiles repaired by the plaintiff were delivered to him by the defendant through an authorized agent.

There was a conflict of evidence in this respect which was resolved by the jury in favor of the plaintiff, and these grounds are without merit.

■ Special ground 16 complains that the court erred in charging the jury as follows: "Agency may be established by proof of conduct, proof of contract of an agency, or by the principal's conduct and course of *needs*." (Italics ours.) It is contended that the charge left the jury to infer that if an employee of the defendant owned a car and it needed to be repaired, the employer would be liable for repairs to the automobile, and authorized the jury to decide whether or not the employee's car needed to be repaired in order for the employee to perform his duties with his employer. It is likely that the italicized word "needs" should read "deeds" or "dealings," and that the court reporter made an error in transcribing, or misunderstood the court, but taking the word in connection with the full and ample charge of the court as to determination of agency, it could not reasonably be said that the jury was confused and drew the inference suggested by the movant.

■ Special grounds 17 and 20 are not argued or insisted upon, and under settled authority must be treated as abandoned.

■ Special grounds 18 and 19 complain of the failure of the court to give certain charges to the jury, but in the absence of timely written requests such failure to charge did not constitute reversible error, the charge of the court on all substantial issues being full and fair. *Carlisle* v. *Ragan-Malone Co.*, 17 *Ga. App.* 435 (2) (87 S. E. 608).

■ The charge of the court complained of in special ground 21, "In order for the plaintiff to recover in this case, he must show you by a legal preponderance of the evidence, as I have just outlined to you, that the defendant, through an authorized agent authorized by the company to act for it, did make such a contract, and to create the liability in order that the corporation be bound," was not error for the assigned reason that it failed to further state that the defendant should have authorized in writing the repairs to the cars in question, the movant averring that the evidence showed that some of the cars repaired were never owned by the defendant.

■ Special grounds 22 to 30, inclusive, complain that the

verdict was contrary to and unsupported by the evidence, but are without merit and are controlled adversely to the movant by the ruling hereinafter on the general grounds.

In the present case the jury found in favor of the plaintiff for repairs on all cars as claimed with the exception of one which was driven to his place of business by the wife of the alleged agent of the defendant. The evidence, while conflicting, was sufficient to support the verdict. The plaintiff testified in part as follows: He made arrangements for repairing the automobiles, testified to in detail, with the defendant at its office through its authorized agent, Harry J. Lawrence. He was directed where to pick up the various cars for repair and where to deliver them thereafter. Some of these cars were brought in by the plaintiff, some by his helpers, and a few by persons who had bought or were preparing to buy the respective cars as described by the plaintiff. All were repaired at the direction of Lawrence. The plaintiff had previously repaired some cars for the defendant under similar arrangements, and the work was paid for by the defendant by checks signed by Lawrence. While there was testimony by the vice-president of the defendant corporation that Lawrence was not employed by the defendant in any capacity during the period in which the cars were repaired, and that he had never signed any of its checks, there was testimony for the plaintiff that Lawrence had in fact signed checks of the defendant. Some of these checks were for repairs by one other than the plaintiff. Not as conclusively establishing agency, but as throwing some light on the question in connection with the other evidence, there was testimony that Lawrence had a private office with the defendant with his name over his door.

"The authority of an agent in a particular instance need not be proved by an express contract; it may be established by the principal's conduct and course of dealing, and if one holds out another as his agent, and by his course of dealing indicates that the agent has certain authority, and thus induces another to deal with his agent as such, he is estopped to deny that the agent has any authority which, as reasonably deducible from the conduct of the parties, the agent apparently has." *Germain Co.* v. *Bank of Camden County*, 14 *Ga. App.* 88 (80 S. E. 302); *Patterson* v. *Southern Ry. Co.*, 41 *Ga. App.* 94 (1) (151 S. E.

818). The fact of agency may be established by proof of circumstances, apparent relations, and conduct of the parties. *Cable Co.* v. *Walker*, 127 *Ga.* 65 (56 S. E. 108); *Glover* v. *Summerour*, 165 *Ga.* 513 (5) (141 S. E. 211); *Collier* v. *Schoenberg*, 26 *Ga. App.* 496 (1) (106 S. E. 581); *Colt Co.* v. *Wheeler*, 31 *Ga. App.* 427 (5) (120 S. E. 792). The evidence above mentioned brings into application the principles of law just stated. It fully authorized the jury to find that Lawrence was at least a special agent, clothed with authority to contract for repairs to automobiles in its behalf, to find that the cars enumerated by the plaintiff, with the exception of the 1940 Oldsmobile driven in by the wife of the alleged agent, were repaired as claimed on the authority of Lawrence, a special agent, that the bills were unpaid, and to render its verdict in the sum of $1143.27 in favor of the plaintiff.

*Judgment affirmed.* *Sutton, C.J., and Felton, J., concur.*