39893. UNITED STATES FIDELITY & GUARANTY COMPANY v. HILLIARD.

Decided January 28, 1963.

*Hal M. Smith*, for plaintiff in error.

*A. Russell Ross*, contra.

HALL, Judge. The question in this case is whether or not the letter written by the Del Mar Company to the insurer on February 11th canceled the insurance policy. Assuming but not deciding that as a matter of law the insured was not in default because the Del Mar Company, through its agent Parks,

had waived the requirement that payments be made on an exact date by customarily accepting late payments, it is nevertheless quite clear that the next to the last sentence in the note clothed its holder, the Del Mar Company, with the apparent authority to cancel the policy at any time the holder made a statement in writing to the insurer that the insured's note was in default. This sentence provides that the written statement of the holder of the note, without any notice to the insured, "shall be sufficient authority for the insurer to so cancel any such policies."

"Apparent authority is the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons." ". . . Apparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." American Law Institute, Restatement, Agency 2d, p. 30, § 8, p. 103, § 27. Accord, *Patterson v. Southern R. Co.*, 41 Ga. App. 94 (151 SE 818); *Firemens Fund Ins. Co. v. Davis*, 42 Ga. App. 49, 61 (155 SE 105); *Mason v. Rice*, 47 Ga. App. 502 (170 SE 829); *Planters Rice Mill Co. v. Merchants Nat. Bank of Savannah*, 78 Ga. 574, 585 (3 SE 327); *Burch v. Americus Grocery Co.*, 125 Ga. 153 (53 SE 1008); 3 Am. Jur. 2d, 475, § 73. The Del Mar Company's letter to the insurer, which contained a statement that the insured was in default, complied with the cancellation provision of the insurance contract and was effective to cancel the policy on February 12. *Genone v. Citizens Ins. Co. of N. J.*, 207 Ga. 83, 86 (60 SE2d 125).

The plaintiff contends that the insurer is bound by the act of Parks in allegedly waiving the requirement that payments be made on an exact date. While it is true that Parks was the agent of the insurer in issuing the policy of insurance, the insured, on the expressed consideration that Parks Insurance Agency advance the premium to the insurer, executed the note to the Parks Insurance Agency which was operated by Parks,

who later assigned it to the Del Mar Company. With respect to the installment payments due on the note, Parks acted solely as the agent for the Del Mar Company. Regardless of what rights the insured might have against Parks and the Del Mar Company concerning their alleged waiver of the requirement that payments be made on an exact date, such a waiver would in no way affect the right of the insurer to rely on the apparent authority of the holder of the note to cancel the policy.

The trial court erred in overruling the general demurrer.

*Judgment reversed. Carlisle, P. J., and Bell, J., concur.*