40308.   NATIONAL HOMES, INC. v. CITY PLUMBING &
HEATING SUPPLY COMPANY.

DECIDED OCTOBER 9, 1963—REHEARING DENIED
OCTOBER 18, 1963.

520

*Brannon, Brannon & Schuder, Robert E. Knox,* for plaintiff in error.

*Howard Oliver, Jr.,* contra.

HALL, Judge. We recognize the authorities holding that the authority of an agent " . . . may be established by the principal's conduct and course of dealing, and if one holds out another as his agent, and by his course of dealing indicates that the agent has certain authority, and thus induces another to deal with his agent as such, he is estopped to deny that the agent has any authority which, as reasonably deducible from the conduct of the parties, the agent apparently has." *Equitable Credit Corp. v. Johnson,* 86 Ga. App. 844, 847 (72 SE2d 816); *Sinclair Refining Co. v. First Nat. Bank,* 45 Ga. App. 769 (165 SE 860). An estoppel will arise when a principal places an agent in a position of apparent authority, so that a person of ordinary prudence conversant with business usages and the nature of the particular business is justified in assuming that such agent has authority to perform a particular act and deals with the agent upon that assumption. *Commercial Credit Corp. v. Noles,* 85 Ga. App. 392, 396 (69 SE2d 309). For a definition of "apparent authority," see *U. S. Fidelity &c. Co. v. Hilliard,* 107 Ga. App. 266, 269 (129 SE2d 559). To create an estoppel by conduct of the principal it must be shown that the complaining party dealt with the sup-

posed agent in reliance upon the authority which the principal apparently conferred upon him, and changed his position as a result of such reliance. 2 CJS 1217 et seq., § 96; 3 Am. Jur. 2d 477, § 75 et seq.; accord *Piedmont Operating Co. v. Cummings,* 40 Ga. App. 397 (149 SE 814).

The evidence in this case failed to show that the plaintiff changed his position in reliance on any conduct of the principal apparently conferring authority on an agent.

The case of *Greensboro Bonded Warehouse v. Klein Mfg. Co.,* 35 Ga. App. 515 (134 SE 140), relied on by the plaintiff, is not applicable because it was not proved in the present case that Edge was the agent of the Knox Corporation.

The trial court erred, therefore, in overruling the defendant's motion for judgment notwithstanding the verdict. The remaining assignments of error become moot.

*Judgment reversed. Bell, P. J., and Pannell, J., concur.*