44375. STAN-RICH COMPANY v. NEW YORK FIRE & MARINE UNDERWRITERS, INC. et al.

ARGUED APRIL 8, 1969—DECIDED SEPTEMBER 9, 1969.

*Fine & Block, Joseph J. Fine, Sturgis Bates, III, William A. Edwards, Jr.,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, H. A. Stephens, Jr., King & Spalding, Kirk McAlpin, A. Felton Jenkins, Jr., Hansell, Post, Brandon & Dorsey, W. Rhett Tanner,* for appellees.

HALL, Judge. These facts were shown without contradiction: The claim was investigated and handled for the insurer by an

adjuster, who stated in his affidavit that in undertaking the investigation and adjustment of the loss with the Stan-Rich Company, all of his contacts were with Lawrence Moore, and that Moore furnished all information and executed all forms required to secure payment of the claim, including notice of loss, sworn proofs of loss, and a bill of sale transferring the insured property to the insurer (for salvage). These were signed "Stan-Rich, Inc. by Lawrence Moore." A cancellation receipt, in consideration of the insurer's agreement to pay the return premium on the policy, was executed "The Stan-Rich Company By: Lawrence Moore." The insurer accepted these papers, refunded to Stan-Rich an unearned premium of $691.25, and approved the claim for payment, relying on the apparent authority of Moore to act for Stan-Rich. The defendant's general agent issued two drafts, for the amounts agreed upon in settlement for loss to the tractor and to the trailer, payable to the Stan-Rich Company and C. & S. National Bank (a lienholder). The defendant's agent delivered the drafts, containing a release of all claims against the insurer, to Moore. Moore secured endorsement of the drafts by the C. & S. National Bank and himself, without authority, endorsed them "The Stan-Rich Company, Lawrence Moore," and appropriated the proceeds to his own use. The affidavit of Stan-Rich's vice president shows that Moore was an employee of Stan-Rich charged with supervising and managing the company's truck division, and as manager of the truck division was authorized to take and did take the steps necessary to collect on the insurance policy on behalf of Stan-Rich; Moore did not have authority to receive and to deposit the proceeds from the policy in his personal bank account; Moore was not an officer or stockholder in Stan-Rich.

No evidence was submitted showing that the insurer knew or had reason to know the limitations on Moore's duties and authority to act for Stan-Rich or that his authority did not extend to receiving in settlement of the loss the drafts payable to Stan-Rich Company and C. & S. National Bank. The plaintiff admits that Moore had authority to take the steps necessary to collect the insurance claim on behalf of Stan-Rich. The acts of Stan-Rich admittedly performed by Moore were a manifes-

tation making it reasonable for the insurer to believe that Moore was the company's agent with authority to accept delivery of the drafts. 1 American Law Institute, Restatement, Agency 2d, 30, § 8.

In the circumstances shown by the evidence, it cannot be said, as contended by the plaintiff, that Moore's acceptance of delivery of the drafts was an act of a totally dissimilar, distinct and different character from the acts Moore admittedly performed on behalf of Stan-Rich. The evidence of the course of dealing between the parties shows that Moore had apparent authority to represent Stan-Rich in receiving the drafts within the scope of his admitted authority. *Firemen's Fund Ins. Co. v. Davis,* 42 Ga. App. 49, 60 (155 SE 105); *Germain Co. v. Bank of Camden County,* 14 Ga. App. 88, 93 (80 SE 302); *Commercial Credit Corp. v. Noles,* 85 Ga. App. 392, 396 (69 SE2d 309).

The trial court did not err in granting summary judgment for the defendant.

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*