## 57883. PASCOE STEEL CORPORATION v. LYNWOOD STRICKLAND, INC. et al.

SHULMAN, Judge.

Plaintiff-appellant brought suit against defendant Sidney M. Folsom and others to foreclose a materialman's lien. From a judgment in favor of the defendant, plaintiff appeals. We affirm.

The facts are as follows. Defendant Lynwood Strickland, Inc. (not a party to this appeal) entered into an agreement with defendant-appellee Sidney M. Folsom (in partnership with Randy M. Folsom d/b/a Folsom Concrete) to sell a certain "Pascoe Steel Building" to defendant-Folsom for an agreed upon price. Thereafter, Lynwood Strickland, Inc. (hereinafter "Strickland") contracted with plaintiff-Pascoe Steel Corp. to erect the building upon real estate owned by Sidney M. Folsom. The building materials were shipped by appellant to Folsom and erected on Folsom's property. In response to a request by Strickland for payment for the building, defendant Folsom wrote and delivered a check to

defendant Strickland. After Pascoe Steel's unsuccessful attempts to secure payment from Strickland for the building shipped to Folsom, appellant filed a materialman's lien against Sidney M. Folsom's property.

Defendant-appellee Folsom successfully argued at trial that the apparent agency relationship between Strickland and Pascoe Steel estopped appellant from asserting that it had not received payment, when such payment had been made to plaintiff's apparent agent Strickland. On appeal, appellant contends that there was no evidence to support the jury's conclusion that an apparent agency relationship existed between Strickland and appellant. We disagree.

" 'Apparent authority is the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons.' '. . . Apparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him.' [Cits.]" *U. S. Fidelity &c. Co. v. Hilliard,* 107 Ga. App. 266, 269 (129 SE2d 559).

While appellant presented evidence to rebut the existence of an apparent agency relationship between it and Strickland, the evidence presented by defendant-Folsom authorized the jury's verdict. Defendant showed that Strickland was the exclusive dealer for Pascoe in several counties; that Pascoe supplied Strickland with its advertising data, brochures and mats (requiring Strickland to follow Pascoe's outline for advertising); that Strickland used Pascoe's logo in newspaper advertisements; that Strickland exhibited a sign outside its business (which was provided by Pascoe) depicting Strickland as a dealer for Pascoe Building Systems; and that defendant relied upon Strickland's apparent agency authority.

The fact that plaintiff presented evidence disputing the agency relationship does not require a different result. *Britt v. Crews,* 48 Ga. App. 145 (172 SE 117).

"In view of the evidence touching the issues, the trial

court properly denied the [plaintiff's] motions for judgment notwithstanding the verdict and for new trial." *Bonner v. Cotton,* 223 Ga. 843 (3) (159 SE2d 61).

Since the jury was authorized to conclude that defendant-appellee Folsom made payment to Strickland as Pascoe's agent, in the scope of Strickland's apparent authority, the jury properly concluded that appellant is estopped from asserting the nonpayment for materials supplied. *Nat. Homes, Inc. v. City Plumbing &c. Co.,* 108 Ga. App. 519, 520 (133 SE2d 416).

Since we are affirming the trial court for the reasons set forth above, we need not consider other grounds for affirmance advanced by appellee.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED MAY 8, 1979 — DECIDED SEPTEMBER 4, 1979.

*Edwin T. Cotton,* for appellant.
*James W. Hurt,* for appellees.