59772. ARRINGTON & BLOUNT FORD, INC. v. JINKS.

DEEN, Chief Judge.

Jinks brought suit against Arrington & Blount Ford, Inc., an automobile dealer, seeking to recover the purchase price of a 1971 Ford station wagon, the cost of repairs that he made to the vehicle and punitive damages. Arrington & Blount brings this appeal following the denial of its motion for a new trial.

1. Appellant first contends that the trial court erred in overruling its objection to proof of agency and that the trial court erred in denying its motion for a directed verdict.

The evidence showed that when the plaintiff worked part-time

at a convenience store he became acquainted with Gene Frye who drove a new Ford Thunderbird automobile which had an Arrington & Blount paper tag. Frye gave Jinks one of his business cards which showed that he was a "sales counselor" for Arrington & Blount. On June 11, 1977, Jinks and his fiancee went to Arrington & Blount's place of business to see an automobile recommended by Frye as a good buy. When they arrived, they observed several salesmen watching Frye ride around the car lot on a skateboard. After Frye noticed their arrival, he approached them and showed them a 1971 Ford station wagon which was parked beside the showroom. After they viewed the vehicle and expressed an interest in it, they went inside the showroom to wait while Frye went into a back room and got the keys. After Frye took them for a short test drive in the automobile, the couple decided to take a longer test ride without him. About an hour and one-half later they returned the station wagon to the car lot and parked it beside the showroom. Frye came out of the showroom, Jinks returned the keys, the men discussed price and finally agreed upon $795 as the purchase price for the automobile. Jinks made out a check payable to Frye for $100 bearing a notation "deposit on 1971 Ford wagon." Later in the day, Frye went by the convenience store and Jinks gave him his name and address for the title transfer. The following Saturday, Jinks went to Frye's apartment, paid the balance owing on the car in cash, received a personal receipt from the salesman, and took possession of the automobile. On Wednesday, Frye appeared at the convenience store driving a new Ford pick-up truck displaying an Arrington & Blount paper tag, but he did not have the transferred title to the station wagon. Several days later, Jinks went by Frye's apartment to inquire about the title, but no one was at home. After waiting approximately two weeks without receiving title, the plaintiff contacted Arrington & Blount by telephone. He talked to Wendell Blount and was informed that Frye no longer worked there and that the station wagon had been stolen by the salesman. In response to Jinks' assertion that he had bought and paid for the vehicle, Blount threatened to have him arrested and thrown in jail if he did not return it. Jinks later surrendered possession of the vehicle to Arrington & Blount. Although the defendant's answer to the complaint denied that Frye was its agent at the time of the alleged sale, it presented no evidence at trial.

"The agency relationship may arise *by implication* as well as by express authority. Code § 4-101; *Griffin v. Russell,* 144 Ga. 275, 278 (87 SE 10, LRA 1916F 216, AC 1917D 994). 'A claim of agency may be proved, as any other fact, by circumstantial evidence . . . The fact of agency may be established by proof of circumstances, apparent

relations, and the conduct of the parties.' [Cit.]" *Greenbaum v. Brooks,* 110 Ga. App. 661, 664 (139 SE2d 432) (1964). See also *Davidson v. Ramsby,* 133 Ga. App. 128, 130 (210 SE2d 245) (1974); *Wielgorecki v. White,* 133 Ga. App. 834, 838 (212 SE2d 480) (1975). " 'Apparent authority is the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons.' '. . . Apparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him.' [Cits.]" *United States Fidelity & Guaranty Co. v. Hilliard,* 107 Ga. App. 266, 269 (129 SE2d 559) (1963). " 'The authority of an agent in a particular instance need not be proved by express contract; it may be established by the principal's conduct and course of dealing, and if one holds out another as his agent, and by his course of dealing indicates that the agent has certain authority, and thus induces another to deal with his agent as such, he is estopped to deny that the agent has any authority which, as reasonably deducible from the conduct of the parties, the agent apparently has.' [Cits.]" *Equitable Credit Corp. v. Johnson,* 86 Ga. App. 844, 847 (72 SE2d 816) (1952). " 'Whenever a general agency has been established for any purpose, all persons who have dealt with the agent have a right to assume that his authority to deal with them in behalf of his principal continues, until notice, express or implied, has been conveyed to them that the agency has been revoked.' " *Bacon v. Dannenberg Co.,* 24 Ga. App. 540 (2) (101 SE 699) (1919). "Authority to an agent to do a thing generally includes authority to do everything usual and necessary for the accomplishment of the main object. Hence authority to sell personalty includes authority to deliver it." *Holman & Woods v. Georgia Railroad,* 67 Ga. 595 (1881).

In the present case, the plaintiff presented uncontroverted proof of Frye's agency; the business card showing that Frye was a salesman for the defendant, testimony that Frye was on the defendant's premises and had access to the keys to the automobile, that after the plaintiff returned from the test ride, Frye was in the showroom and negotiated price with him on the defendant's premises and that Frye drove vehicles with Arrington & Blount paper tags both before and after the transaction took place. The trial court did not err in denying the defendant's motion for a directed verdict.

2. Appellant further contends that the trial court erred in charging the jury on ratification when there was no evidence that the defendant ratified Frye's actions. While this case did not show any

act by Arrington & Blount that could be considered to be an act of ratification, "[t]he verdict rendered by the jury having been demanded by the evidence, the judgment of the trial court denying the amended motion for a new trial will not be reversed for alleged errors in the charge of the court." *Collins v. Burchfield,* 215 Ga. 322, 323 (110 SE2d 368) (1959). See also *McLaury v. McGregor,* 110 Ga. App. 679 (139 SE2d 444) (1964).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED APRIL 8, 1980 — DECIDED MAY 19, 1980 — REHEARING DENIED JUNE 5, 1980 —

*G. Hughel Harrison,* for appellant.
*Edward T. Murray, James G. Stewart,* for appellee.