62782. JESTER v. HILL et al.

McMURRAY, Presiding Judge.

This case involves automobile insurance in which summary judgment has been granted to the alleged insurer.

For the purposes of consideration of the grant of summary judgment the following facts are admitted as true. The Brundick Company, Inc. is a Florida corporation qualified to do business in Georgia, being a managing general agency in the fire and casualty insurance field which operates as an intermediary between insurance companies wishing to do business in a state and agents wishing to represent a company. In April 1979 it acquired the general agency business of another corporation in Georgia and began operating as "Trident Brundick." In May 1979 The Brundick Company, Inc. entered into a general agency contract with First Financial Insurance Company by and through its underwriting managers Special Insurance Services, Inc., and American Cycle Agency, for the production of automobile insurance in Georgia. Under this contract it was empowered to produce automobile insurance at stated schedules and with certain underwriting and binding rules, the production to be secured from existing licensed insurance agents on a

brokerage basis.

A marketing flyer designated as that of "Trident-Brundick Company," the Georgia trade name, was made available to numerous individual insurance agents in Georgia, including Hill & Hilson Insurance Agency, Inc. It also made available a form of brokerage agreement under the name "Trident-Brundick Company, The Brundick Company, Inc.," as well as application form or forms of First Financial Insurance Company and The Brundick Company, Inc. for applicants to apply for automobile insurance with reference to type of insurance desired including rejection of uninsured motorist coverage.

On April 8, 1980, a brokerage agreement was entered by and between Willie Hill, licensed insurance agent, and/or broker of Hill & Hilson Insurance Agency, Inc. "T-B" (ostensibly Trident-Brundick) agreed therein to assert its best effort to place with an insurer or insurers such risk as it may be called upon by "B/A" (ostensibly Hill & Hilson Insurance Agency, Inc., a brokering agent). This agreement does not, however, make Hill & Hilson Insurance Agency, Inc. or Willie Hill an agent to bind "Trident-Brundick Company" or The Brundick Company, Inc. or First Financial Insurance Company in the issuance of automobile insurance. Nevertheless, the flyer for the sale of automobile insurance is shown as that of "Trident-Brundick Company," and the application forms of same to be for First Financial Insurance Company having its logo thereon and The Brundick Company, Inc.

On March 6, 1980, Lucious Jester, a prospective customer, entered the office of Hill & Hilson to purchase full coverage insurance for his 1978 Toyota. Mr. Hill took his application, received Jester's money and stated Jester was immediately covered at that time. No explanation was made to him that there would be any waiting period or that he had to wait to receive insurance. Willie Hill, agent, ostensibly for First Financial Insurance Company, executed a "Certificate of Insurance" certifying that Jester was "now covered by a liability insurance policy meeting the requirements of the Georgia Motor Vehicle Accident Reparations Act." The certificate was addressed to Department of Public Safety, No-Fault Unit of the State of Georgia, showing date of policy "3-6-80." Lucious Jester also received a receipt upon payment of $160.00 dated March 6, 1980, for full coverage (six months) with the language "First Financial." The receipt was signed "By P. S. Hill."

On April 1, 1980, thereafter, Lucious Jester was injured in an automobile collision and incurred medical expenses and lost wages. He attempted to file a claim under the purported insurance policy and both First Financial Insurance Company and Trident Brundick

Company denied coverage, contending that no policy had been issued for Lucious Jester and no request for a binder, therefore, there was no coverage for Jester.

Subsequently, Jester filed suit naming as defendants Willie Hill, Charles A. Hilson, Hill & Hilson Insurance Agency, Inc., Trident Brundick Company (Trident Brundick) and First Financial Insurance Company (First Financial). Plaintiff alleged that Hill, Hilson and Hill & Hilson Insurance Agency, Inc. were designated agents of First Financial Insurance Company and Trident Brundick Company. It was further alleged that Hill & Hilson Insurance Agency, Inc. at the times the events involved herein occurred was a " 'shell' " corporation having no assets and established for the sole purpose of shielding the principals from personal liability for their negligence, fraud and deceit and this was a sufficient basis for the court to " 'pierce the corporate veil.' " Plaintiff alleged fraud and deceit on the part of Willie Hill which was known to all of the defendants and that the other defendants were liable for his fraud and deceit since at the time of the fraudulent conduct Hill was the partner of Hilson and agent of the other defendants acting in the normal course and scope of their business. As to the defendants Trident Brundick and First Financial, the plaintiff later amended his complaint to add allegations of negligence in selecting Hill, Hilson and Hill & Hilson Insurance Agency, Inc. as their agents.

After discovery the defendants First Financial and Trident Brundick moved for summary judgment which was later granted. Plaintiff appeals. *Held:*

1. In support of motions for summary judgment First Financial and Trident Brundick produced unrefuted evidence that no actual agency relationship existed between them and the remaining defendants. Consequently, any recovery upon agency theory must be predicated upon an apparent agency relationship. By brief these defendants contend this case is controlled adversely to the plaintiff by reason of *Beck v. First of Ga. Underwriters Co.,* 157 Ga. App. 73 (276 SE2d 124), which holds therein that it is controlled by a similar case, *Brewer v. Southeastern Fidelity Ins. Co.,* 147 Ga. App. 562, 563 (249 SE2d 668). The latter case holds that the bare assertion or denial of the existence of an agency relationship made by one of the purported parties to the relationship is a statement of fact but when made by an outsider these bare assertions or denials are merely conclusions of law. That case also cited *Mullis v. Merit Finance Co.,* 116 Ga. App. 582, 585 (158 SE2d 415), setting forth that the fact of an agency may be established by proof of circumstances, apparent relations, the conduct of the parties, and the declarations of the alleged agent, such declarations of the alleged agent being

inadmissible if standing alone but becoming admissible as part of the res gestae of the transaction and as such may be considered in establishing the fact of agency. Nevertheless, this court held therein that upon the positive direct denial of agency by the purported principal and agent, the apparent contrary circumstances observed by the plaintiff did not create a material issue of fact and affirmed the granting of summary judgment to the insurer therein.

Nevertheless, it has been held by this court in numerous decisions and as set forth in *U. S. Fidelity &c. Co. v. Hilliard,* 107 Ga. App. 266, 269 (129 SE2d 559), that " '[a]pparent authority is the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons' '. . . Apparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him.' American Law Institute, Restatement, Agency 2d, p. 30, § 8, p. 103, § 27. Accord, *Patterson v. Southern R. Co.,* 41 Ga. App. 94 (151 SE 818); *Firemens Fund Ins. Co. v. Davis,* 42 Ga. App. 49, 61 (155 SE 105); *Mason v. Rice,* 47 Ga. App. 502 (170 SE 829); *Planters Rice Mill Co. v. Merchants Nat. Bank of Savannah,* 78 Ga. 574, 585 (3 SE 327); *Burch v. Americus Grocery Co.,* 125 Ga. 153 (53 SE 1008); 3 Am. Jur. 2d, 475, § 73." Further, an estoppel arises as against the denial of agency when a principal places a purported agent in a position of apparent authority so that a person of ordinary prudence conversant with business usages and the nature of the particular business is justified in assuming that such agent has the authority to perform a particular act and deals with the agent upon that assumption. See *Commercial Credit Corp. v. Noles,* 85 Ga. App. 392, 396 (69 SE2d 309). See also *Arrington & Blount Ford v. Jinks,* 154 Ga. App. 785, 786-787 (1) (270 SE2d 27).

In the case sub judice the only conduct on the part of the defendants First Financial and Trident Brundick which could be relied upon as an act or acts which would reasonably have led the plaintiff to believe that the other defendants (Hill and Hilson and their corporate insurance agency) were their agents was the placing in the possession of these parties the flyer to sell insurance by "Trident-Brundick Company" and the application forms for insurance containing the names First Financial Insurance Company, its logo and "The Brundick Company, Inc." The application for insurance contains no language specifically stating it was subject to acceptance by the insurer, in fact the form contains no language whatsoever to suggest it is binding in any way upon anyone. Division

1 of the form provides pre-printed blanks for personal information as to the registered owner of the vehicle upon which insurance is desired; Division 2 of the form provides for a listing of insurance "desired"; Division 3 contains blanks for SR-22 and SR-22a information; Division 4 contains blanks for information in regard to the description of the vehicle, and Division 5 for information as to the identity and driving record of the driver of the vehicle. Other portions of the form call for various miscellaneous information as to the vehicle and the driver while the reverse side of the form contains the required offer of certain optional coverage and a form for rejection of protection of uninsured motorist coverage. In the form filled out to cover plaintiff's Toyota the producers name "Hill & Hilson Ins. Agency" and its address is handwritten in a block on the bottom on the right of the front of the form. True, the form in no way suggests any agency relationship by First Financial or Trident Brundick with the individuals Hill and Hilson or Hill and Hilson Insurance Agency, Inc. The question then becomes whether the placing of the application forms in their possession becomes such an act as will create apparent authority to bind them. Among those matters which we may judicially recognize is the general customs of merchants and similar matters of public knowledge. See Code § 38-112 "general customs of merchants." The evidence also discloses that shortly after this incident First Financial and/or Trident-Brundick Company, The Brundick Company, Inc., on April 8, 1980, entered into a brokerage agreement with Willie Hill executing same as broker for the firm of "Hill & Hilson Ins. Agency, Inc." No doubt this agreement was under consideration at the time of the incident in question and was involved in the communications and exchanges of information which invariably produce such arrangements including the application for insurance forms and the flyers to sell insurance. The application forms in the hands of the insurance sales organization would be a necessary and integral part of negotiations between the parties even though same would not in any way suggest in writing any agency relationship. However, the question arises as to whether it reasonably represented to an innocent third party, the public, and the consumer, such as the plaintiff here that such an arrangement existed. With reference to estoppel by conduct we find the headnote of *National Homes, Inc. v. City Plumbing &c. Co.,* 108 Ga. App. 519 (133 SE2d 416), to be illuminating. That case states: "To create an estoppel by conduct of the principal it must be shown that the complaining party dealt with the supposed agent in reliance upon the authority which the principal apparently conferred upon him, and changed his position as a result of such reliance." In the body of the opinion at page 520 we find that the authority of an agent " 'may be

established by the principal's conduct and course of dealing, and if one holds out another as his agent, and by his course of dealing indicates that the agent has certain authority, and thus induces another to deal with his agent as such, he is estopped to deny that the agent has any authority which, as reasonably deducible from the conduct of the parties, the agent apparently has.' *Equitable Credit Corp. v. Johnson,* 86 Ga. App. 844, 847 (72 SE2d 816); *Sinclair Refining Co. v. First Nat. Bank,* 45 Ga. App. 769 (165 SE 860). An estoppel will arise when a principal places an agent in a position of apparent authority, so that a person of ordinary prudence conversant with business usages and the nature of the particular business is justified in assuming that such agent has authority to perform a particular act and deals with the agent upon that assumption. *Commercial Credit Corp. v. Noles,* 85 Ga. App. 392, 396 [supra]." In *Pascoe Steel Corp. v. Lynwood Strickland,* 151 Ga. App. 114, 115 (258 SE2d 767), this court dealt with the apparent agency relationship and as to whether or not the conflicting evidence authorized a jury verdict hence creating a jury issue. That case involved advertising data, brochures and mats with reference to advertising, the use of the principal's logo in newspaper advertisements and the exhibition of a sign outside the agent's business provided by the principal depicting the alleged agent as a dealer for the principal. While there was evidence disputing the agency relationship nevertheless this court held that it was a jury question as to whether or not the principal was estopped under the facts to deny the apparent agency relationship. Under the circumstances in the case sub judice automobile insurance is required by law. The facts here are very similar in regard to business practices. No evidence has been produced to show the alleged agent or agents (defendants) obtained the means of defrauding the plaintiff except from the alleged principals, the other defendants. Under the apparent authority theory a jury issue remains as to whether or not the defendants are estopped to deny agency. Accordingly, the trial court erred in granting summary judgment.

2. As to plaintiff's allegation of negligence on the part of defendants First Financial and Trident Brundick in selecting the individual defendants and the alleged alter ego corporation as their agents (admittedly only as brokerage agents) we find averments that these defendants had a poor general reputation in the insurance community. Thus, any reasonable investigation by Trident Brundick and First Financial into the status of their insurance agency would have disclosed their fraudulent business practices and insolvency. For summary judgment purposes we must take as true then that they bore generally poor reputations so that again solely for summary

judgment purposes it would appear that First Financial and Trident Brundick must be deemed to have been in position to have gained knowledge that the insurance flyers and application forms which they were placing in their possession might be fraudulently utilized by these defendants. Whether the failure to make inquiries which would have revealed this reputation was negligence and whether plaintiff was thereby damaged are issues posed by plaintiff's complaint which have not been pierced by the evidence presented by the defendants First Financial and Trident Brundick in support of their motion for summary judgment. Issues of material fact remain for jury determination.

The trial court erred in granting summary judgment to defendants First Financial and Trident Brundick.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 5, 1982 —
REHEARING DENIED MARCH 25, 1982 — 

*William H. Hedrick,* for appellant.
*Edmund A. Landau III, Thomas S. Chambless,* for appellees.