67288. INTERNATIONAL INDEMNITY COMPANY v. ODOM.
(329 SE2d 307)

McMURRAY, Presiding Judge.

The facts of this case are set forth in *Intl. Indem. Co. v. Odom,* 170 Ga. App. 447 (317 SE2d 844). In that decision, we reversed the judgment of the trial court which had granted summary judgment on the issue of liability to the insured. Our judgment was reversed on certiorari (*Odom v. Intl. Indem. Co.,* 253 Ga. 210 (317 SE2d 833)), the Supreme Court having determined that OCGA § 33-34-5 (c) "was intended to apply to automobile insurance policies in existence on March 1, 1975, and not those which came into existence after that date." *Enfinger v. Intl. Indem. Co.,* 253 Ga. 185, 186 (317 SE2d 816). Accordingly, on remand for further proceedings consistent with the Supreme Court's opinion, we vacate our judgment and consider the enumerations of error postulated by appellant. *Held:*

1. Appellant's first two enumerations are adversely controlled by the Supreme Court's ruling in *Odom v. Intl. Indem. Co.,* 253 Ga. 210, supra. Constitution of the State of Georgia, Art. VI, Sec. VI, Par. VI. See OCGA § 9-11-60 (h).

2. Appellant contends the trial court erred in granting the insured's motion for summary judgment on the issue of liability because it did not receive written notice of the March 3, 1978, automobile accident until January 11, 1982. In this connection, appellant argues the insured's claim is time barred because the delay in giving notice was unreasonable as a matter of law.

The policy which was delivered to the insured stated that in the event of an accident, the insured should "notify *your agent* or Alexander Underwriters, Inc." (Emphasis supplied.) The insured applied

for the policy through the George H. Greene Insurance Agency, Inc. ("Greene"). The insured made all payments on his insurance to Greene and Greene was the only contact the insured ever had with the appellant.

It is undisputed that before the insured left the hospital (i.e., before May 11, 1978), the insured's wife contacted Greene and gave notice of the accident. (The insured suffered brain damage as a result of the accident and he was unable to give notice on his own.) Appellant takes the position that that notice was for naught since Greene was not an agent of appellant but an independent broker. We disagree. " ' "Apparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." American Law Institute, Restatement, Agency 2d, p. 30, § 8, p. 103, § 27. Accord, *Patterson v. Southern R. Co.*, 41 Ga. App. 94 (151 SE 818); *Firemens Fund Ins. Co. v. Davis*, 42 Ga. App. 49, 61 (155 SE 105); *Mason v. Rice*, 47 Ga. App. 502 (170 SE 829); *Planters Rice Mill Co. v. Merchants Nat. Bank of Savannah*, 78 Ga. 574, 585 (3 SE 327); *Birch v. Americus Grocery Co.*, 125 Ga. 153 (53 SE 1008); 3 Am. Jur. 2d, 475, § 73.' Further, an estoppel arises as against the denial of agency when a principal places a purported agent in a position of apparent authority so that a person of ordinary prudence conversant with business usages and the nature of the particular business is justified in assuming that such agent has the authority to perform a particular act and deals with the agent upon that assumption. See *Commercial Credit Corp. v. Noles*, 85 Ga. App. 392, 396 (69 SE2d 309). See also *Arrington & Blount Ford v. Jinks*, 154 Ga. App. 785, 786-787 (1) (270 SE2d 27)." *Jester v. Hill*, 161 Ga. App. 778, 781 (288 SE2d 870).

By its actions, appellant placed Greene in a position of apparent authority and the insured was justified in assuming that Greene had the authority to receive notice of the accident. Accordingly, appellant is estopped from denying that Greene was not its agent. *Jester v. Hill*, 161 Ga. App. 778, 781, supra.

3. Appellant contends that the trial court erred in granting the insured's motion for summary judgment because there was no showing that benefits under the host policy had been exhausted. See generally *Ga. Cas. &c. Co. v. Waters*, 146 Ga. App. 149 (246 SE2d 202). This contention is without merit. The trial court only granted summary judgment to the insured on the issue of liability. If the insured received benefits under the host policy, his damages will be adjusted accordingly upon the trial of the case.

4. Appellant asserts the trial court erred in failing to award it summary judgment on the issue of bad faith refusal to pay. In deny-

ing appellant's summary judgment motion, the trial court reserved this issue for trial. This was not error.

It is only where "practicable," that a trial court should enter an order pursuant to OCGA § 9-11-56 (d). Thus, it was not incumbent upon the trial court to enter an interlocutory order regarding bad faith. "[A] party should not through the technique of a partial summary judgment force the court to pre-try the case where, or pre-try it in a manner, not consonant with its practice." 6 Moore's Fed. Practice, § 56.02 [5].

5. For the reasons set forth in Divisions 1 through 4 of this opinion, the judgment of the trial court is affirmed.

*Judgment affirmed. Benham, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED MARCH 13, 1985 —
REHEARING DENIED MARCH 20, 1985 — 

*Michael L. Wetzel*, for appellant.
*Robert P. Wildau*, for appellee.