### 3472. METROPOLITAN LIFE INSURANCE Co. *v.* MORROW, for use, etc.

RUSSELL, J. 1. An amendment making a nominal plaintiff, who sues for the use of the party originally named as plaintiff, does not make a new party. It merely truly characterizes the original plaintiff. A usee unable to maintain an action in his own name may enforce his rights in the name of his assignor, suing for his use; and an amendment to this effect did not change the cause of action nor add a new and distinct party plaintiff. *A., K. & N. Ry. Co.* v. *Smith,* 1 *Ga. App.* 163 (58 S. E. 128); *Chapman* v. *Taliaferro,* 1 *Ga. App.* 238 (58 S. E. 128).

2. One who, for a valuable consideration, divests himself of the right to receive money due him, and vests this right in an assignee or transferee, can not, without the consent of his assignee, reinvest himself with the

28

right to receive it. Nor can a debtor of the assignor, who has notice of the assignment, pay the debt to the assignor except at his own peril. "It is the established rule in the United States that an assignment for a valuable consideration, with notice to the debtor, imposes on him an equitable and moral obligation to pay the assignee." 2 Am. & Eng. Enc. of Law (2d ed.), 1097.

3. The cause of action depending, according to the allegations of the petition, upon the statement that the defendant had notice of the assignment, the court did not err in overruling the demurrers.

*Judgment affirmed. Pottle, J., not presiding.*
DECIDED JANUARY 30, 1912.

Action on insurance policy; from city court of Atlanta—Judge Reid. April 7, 1911.

*Smith, Hammond & Smith,* for plaintiff in error.
*Paul L. Lindsay,* contra.

