5132. METROPOLITAN LIFE INSURANCE CO. *v.* LEWIS.

1. The decision of this court in the case of *Metropolitan Life Insurance Co. v. Morrow,* 10 *Ga. App.* 433 (73 S. E. 607), is conclusive upon the parties as to all questions then decided. The substantial effect of that decision was that the instrument declared on was an equitable assignment, and that the assignee, the plaintiff in this case, could maintain suit thereon, and, on proof of the essential facts alleged, would be entitled to recover.

2. It appearing from the evidence, without contradiction, that the assignment in question was made, upon a valuable consideration, and that the defendant, whose debt to the assignor was the subject of the assignment, paid the debt to the assignor, without the consent of the plaintiff and after notice of the assignment, the court did not err in directing a verdict for the plaintiff.

3. The court did not err in allowing the plaintiff to testify to oral negotiations between the assignor and himself, from which it appeared that, in consideration of his professional services to the assignor, the assignor agreed to make the assignment in question.

DECIDED NOVEMBER 25, 1913.

Complaint; from city court of Atlanta—Judge Reid. June 4, 1913.

*Smith, Hammond & Smith,* for plaintiff in error.
*Paul L. Lindsay,* contra.

ROAN, J. Suit was brought against the Metropolitan Life Insurance Company in the name of W. H. Lewis as plaintiff, to recover a certain amount claimed to have been due Will Morrow upon an insurance policy on the life of the wife of Will Morrow, he being named as the beneficiary in the policy. The plaintiff was an attorney at law, and relied for a recovery upon the following instru-

ment executed by Will Morrow: "To the Metropolitan Life Insurance Company: This writing witnesseth, that I have this day employed W. H. Lewis, of 603 Temple Court Building, Atlanta, Georgia, as my attorney in fact, and that I empower him to sign my name to any checks, vouchers, receipts or other papers that may be necessary in paying to him any money or other effects that may be due me by you. He (Mr. Lewis) is authorized to receive and receipt you for same in my name, any money that may be due me by reason of my wife's death. This order is given in consideration of my fee for legal services, performed by Mr. Lewis. [Signed] William Morrow. December 15, 1909." It was alleged in the petition that the insurance company was duly notified of the existence of this writing, and a copy thereof exhibited to an officer of the company authorized to receive notice. The defendant demurred to the petition, on the grounds that no cause of action was set forth; that suit can not be maintained upon the writing exhibited with the petition, for the reason that it did not constitute either a legal or an equitable assignment of the fund; and that the plaintiff did not show any title to the fund in controversy or any right to maintain the action in his own name. In response to this demurrer the plaintiff amended the petition so as to make it proceed in the name of Will Morrow, for the use of W. H. Lewis. Thereupon the defendant renewed its demurrer. The demurrer was overruled, and exceptions were brought to the Court of Appeals. This court held, in substance, that the amendment to the petition was properly allowed, and that a cause of action was set forth in the petition, upon the theory that the writing sued on was an assignment of the fund in controversy, and that the debtor, having notice of the assignment, paid the debt to the assignor at its peril. *Metropolitan Life Ins. Co.* v. *Morrow,* 10 *Ga. App.* 433 (73 S. E. 607). Subsequently the plaintiff was nonsuited on account of a technical defect in his proof, and at a later term of the court renewed his suit, the renewal being in the name of "W. H. Lewis, usee of William Morrow." In the suit last mentioned, the writing declared on, and which is set forth above, was described as an assignment. The defendant demurred, on the grounds that the writing sued on was not an assignment, and that no cause of action was set forth in the petition. The plaintiff amended by striking the word "usee" wherever it appears in the petition, and putting in lieu thereof the

word "transferee." The court overruled the demurrer, and likewise overruled an oral motion to dismiss the petition on the ground that no cause of action was set forth. The evidence in behalf of the plaintiff consisted of the alleged assignment, a copy of which is set forth above, proof of notice thereof to the defendant company, and proof of the death of the wife prior to the execution of the alleged assignment. It also appeared from the plaintiff's evidence that the alleged assignment was based upon a valuable consideration, to wit, the services of the plaintiff as an attorney at law to the alleged assignor in defending him in the trial on an indictment for the murder of his wife, upon which he was acquitted. The court directed a verdict for the plaintiff. The case is here upon exceptions to the overruling of the demurrer, to the admission of certain testimony, and to the direction of the verdict.

The decision of this court in *Metropolitan Life Insurance Co.* v. *Morrow,* supra, is conclusive and binding upon the parties as to all the points then decided. Under that decision, the suit could have been brought in the name of Morrow, suing for the use of Lewis. It was not held that the suit could not be brought directly in the name of Lewis himself as plaintiff. A suit brought by one as transferee of another is a suit by the plaintiff named, the word "transferee" being merely descriptive of the person and of the manner in which he acquired the right to sue. The present suit was properly brought in the name of Lewis as plaintiff.

The substantial effect of the previous decision of this court was that the instrument declared on was an equitable assignment, and that suit thereon could be maintained by the assignee, and a recovery had upon proof of essential facts alleged. It appearing, without contradiction, that the defendant had notice of the assignment, that it was based upon a valuable consideration, and that the defendant, after notice of the assignment, paid the debt to the assignor without the consent of the plaintiff, the assignee, there was no error in directing a verdict for the plaintiff.

It was not erroneous to admit the plaintiff's testimony as to oral negotiations with Morrow in reference to the plaintiff's employment, it appearing from this testimony that Morrow agreed to assign to the plaintiff, in consideration of his professional services, the fund due under the policy of the defendant company.

*Judgment affirmed.*