### 20378. Insurance Company of North America v. Folds.

Jenkins, P. J. 1. Under the previous ruling in this case (35 *Ga. App.* 720, 135 S. E. 107), a suit on the liability imposed by the policy itself could not be maintained pending the undisposed of appraisement provided for by the agreement between the parties to the contract of insurance, unless it should appear that the defendant had refused to permit the appraisement to be legally completed and a valid award made thereunder. Under the allegations of the petition in the instant suit on the contract, and from the evidence submitted

in support thereof, it appears that the defendant had failed and refused to consummate the appraisement in accordance with the terms of the agreement, so as to permit the plaintiff to proceed against the defendant on the policy itself.

2. In the previous ruling in this case it was held that the agreement for arbitration operated to toll the limitation provided in the contract, and that the period of limitation did not run during the pendency of the appraisement proceeding. Accordingly, the twelve-months limitation provided for by the contract would not have operation, in view of the agreement for an appraisement and the proceedings taken in pursuance thereof.

3. Irrespective of any question as to the toll of the statutory six-years period of limitation by virtue of the appraisement agreement and the proceedings thereunder, under the terms of the policy the loss did not become payable until "sixty days after notice, ascertainment, estimate, and satisfactory proof of loss," and the instant suit was filed within six years after the loss became thus payable.

4. "All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party is liable and bound to pay them." Civil Code (1910), § 3434. An account is not to be taken as a liquidated demand until the amount due has been expressly or impliedly fixed and determined. *Rice-Stix Dry Goods Co.* v. *Friedlander*, 30 *Ga. App.* 312 (2) (117 S. E. 762), and cases there cited. It is the general rule that "interest is recoverable on a loss by fire from the time when the amount payable has been made certain and has become due." 14 R. C. L. p. 1313, § 486. Accordingly, interest eo nomine can only be recovered from the date when the amount of the claim has been liquidated and determined. The remedy provided a plaintiff on an unliquidated claim for damages under an insurance policy, where the defendant refuses in bad faith to pay the amount of the loss within sixty days after demand, is set forth by section 2549 of the Civil Code (1910). Under this section, he may, in proper cases, recover reasonable attorney's fees for the prosecution of the case, and not more than 25 per cent. on the liability of the company as damages for the delay. It follows that the judgment in favor of the plaintiff is erroneous to the extent of the interest allowed from the date of the fire on the amount recovered, which necessitates a reversal of the judgment unless the plaintiff shall write off the accrued interest incorporated in the verdict at the time the judgment of this court is made the judgment of the court below, whereupon the judgment will stand affirmed, otherwise reversed.

5. The evidence authorized the verdict in favor of the plaintiff except for the amount of accrued interest as set forth above, and it can not otherwise be modified or set aside for any of the reasons assigned.

*Judgment affirmed on condition. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 15, 1930.

308

*Smith, Hammond, Smith & Bloodworth, Boykin & Boykin,* for plaintiffs in error.

*Smith & Millican, Willis Smith,* contra.