42123, 42124.   PACIFIC INSURANCE COMPANY OF NEW YORK v. R. L. KIMSEY COTTON COMPANY, INC.; and vice versa.

ARGUED JULY 6, 1966—DECIDED SEPTEMBER 20, 1966—REHEARING DENIED OCTOBER 6, 1966—

*Smith, Ringel, Martin & Lowe, Sam F. Lowe, Jr., Matthews, Maddox, Walton & Smith, Oscar M. Smith,* for appellant.

*Candler, Cox, McClain & Andrews, E. Lewis Hansen, Rogers, Magruder & Hoyt, Dudley Magruder,* for appellee.

HALL, Judge.   1.   Count 3 alleged that the defendant insurer insured the property of Tel-Star Mills, Inc. (hereinafter called the insured). A copy of the insurance contract was attached to the petition with endorsements making a union pension fund and Joel Hurt Factors, Inc., loss payees. After the policy was issued

the plaintiff became a secured creditor of the insured under a security instrument in which the insured expressly agreed to keep its property insured against fire and casualty loss. The defendant's agent knew of the plaintiff's secured interest in the insured property and on several occasions came to the plaintiff's office to collect the monthly premiums due on the policy. The insurer's agent did not amend the policy to add the plaintiff's name as loss payee. Thereafter a fire loss covered by the policy occurred. Joel Hurt Factors, Inc., assigned all its claims under the policy to the plaintiff, and the defendant has paid claims of the named loss payee and of the plaintiff as assignee. The plaintiff brings this action to recover the remainder of the face amount of the policy as a loss payee under the mortgage clause on the ground that the defendant's agent demanded and received payment of premiums from the plaintiff with knowledge of the plaintiff's interest as a secured creditor.

The "mortgage clause" under which the plaintiff seeks to recover reads in part: "(This entire clause is void unless name of mortgagee . . . is inserted on the first page of this policy in space provided under this caption)—Loss . . . shall be payable to the mortgagee . . . as interest may appear, and this insurance as to the interest of the mortgagee . . . only herein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by the occupancy of the premises for purposes more hazardous than are permitted by this policy: Provided, That in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee . . . shall, on demand, pay the same." This is a New York Standard, or union mortgage form clause wherein it is considered that the insurer has entered into a separate contract with the mortgagee, and the mortgagee cannot be affected by any act or default of the mortgagor. See *Insurance Co. of North America v. Gulf Oil Corp.*, 106 Ga. App. 382, 384-385 (127 SE2d 43). (We express no opinion in the present case as to the right of the plaintiff to enforce an equitable lien upon the proceeds of insurance carried by the insured, or the plaintiff's right to recover if he were claiming as a secured creditor under a policy containing a simple mortgage clause, under which

the same defenses can be made against the mortgagee who brings an action on the policy as could have been made against the insured. See *Southern States Fire &c. Ins. Co. v. Napier,* 22 Ga. App. 361 (95 SE 15) ; 5 Couch on Insurance 2d 366, § 29:82; 11 Couch on Insurance 2d 321 et seq.; 331, 333, 334, §§ 42:666, 42:669, 42:671; 5 Appleman, Insurance Law and Practice 554, § 3401.)

The plaintiff contends that despite the written provision that the mortgage clause is not effective unless the name of the mortgagee appears on the policy, the insurer waived this requirement by its collection of premiums from the plaintiff with knowledge of the plaintiff's interest as a secured creditor of the insured. The authorities cited by the plaintiff do not support this position, and the facts alleged in the petition do not show that the insurer waived, or is estopped to make a defense based on the condition of the mortgage clause that the name of the mortgagee be inserted in the policy, or the provision that "No permission affecting this insurance shall exist, or any waiver of any provision be valid, unless granted herein or expressed in writing added thereto . . ." The facts essential to deprive the insurer of these defenses are set out in *Corporation of the Royal Exchange &c. v. Franklin,* 158 Ga. 644, 649 (124 SE 172, 38 ALR 626). See also *Brooker v. American Ins. Co.,* 65 Ga. App. 713 (16 SE2d 251) ; *Whitmire v. Canal Ins. Co.,* 102 Ga. App. 611, 616 (117 SE2d 348) ; *Sparks v. National Union Fire Ins. Co.,* 23 Ga. App. 38, 41 (97 SE 462) ; *New York Underwriters Ins. Co. v. Anderson,* 52 Ga. App. 112, 114 (182 SE 529).

The trial court erred in overruling the defendant's demurrers to count 3.

2. Count 1 includes allegations that the defendant insurer insured the property of Tel-Star Mills, Inc. under a contract attached to the petition; that while the policy was in effect a fire occurred resulting in damage to the insured property and loss covered by the policy; that after the loss the trustee in bankruptcy for the insured by order of the bankruptcy court transferred and assigned all right, title, and interest of the insured in the policy to the plaintiff; that the defendant has paid claims of loss payees under the policy, and has denied liability

to the named insured; and the plaintiff is entitled to recover the balance due under the policy, after payment of the loss payee's claims, as assignee of the trustee in bankruptcy of the insured. By special demurrers to count 1 the defendant contended that allegations that the plaintiff was a secured creditor of the insured, by virtue of certain exhibited security instruments in which the insured agree to keep the property insured, should be stricken as irrelevant to the plaintiff's alleged right to recover as assignee of the insured's trustee in bankruptcy, and that these allegations with the allegation of the assignment from the trustee in bankruptcy make the petition duplicitous in that it inconsistently seeks to recover as a secured creditor and as an assignee of the insured. These contentions are not supported by the authorities cited by the defendant, and the allegations demurred to do not appear prejudicial to the defendant or confusing or misleading as to the issues raised by count 1.

The trial court did not err in overruling the defendant's general and special demurrers to count 1 of the petition.

3. Count 2 alleges the facts of the insurance contract and the loss which occurred on June 18, 1964, and the fact that the policy contained a title endorsement making Joel Hurt Factors, Inc., a loss payee, and that this loss payee on June 24, 1964, assigned to the plaintiff a secured promissory note of the insured and security instruments covering the insured property, and all its claims under the insurance policy. These security instruments were a bill of sale to secure debt from the insured to Joel Hurt Factors, Inc., securing a debt evidenced by a described promissory note, and stating that it "likewise shall secure any and all other indebtedness which grantor now or hereafter may owe grantee or assigns either directly, indirectly, primarily, or secondarily," and factor's agreement between the insured and Joel Hurt Factors, Inc., and lien on the insured's inventory, merchandise, and accounts receivable securing advances to the insured, providing that it shall secure "all other indebtedness and liability" of the insured to Joel Hurt Factors, Inc., and that all its provisions shall "apply to and inure to the benefit of and bind [the insured] and the factor and their respective successors and assigns." The plaintiff contends that as a result of this

assignment a secured debt owed by the insured to the plaintiff ($282,316.26) could be tacked on to and merged with the insured's debt assigned to the plaintiff by Joel Hurt Factors, Inc., and was recoverable by the plaintiff under the assigned security instruments, and became recoverable by the plaintiff as assignee of the loss payee under the mortgage clause of the insurance policy. The petition alleges that the defendant has paid to the plaintiff $57,050.73 as assignee of the insured's debt to Joel Hurt Factors, Inc., and brings this suit for the remainder of the face amount of the policy, based on the secured debt owed to the plaintiff by the insured allegedly merged with the debt secured by the security instruments assigned by Joel Hurt Factors, Inc. to the plaintiff, and recoverable by the plaintiff from the defendant insurer under the mortgage loss payable clause as a result of the assignment by Joel Hurt Factors, Inc., the named loss payee, to the plaintiff.

Where insured property is destroyed, the policy after such destruction becomes a mere chose in action, and the policy and interest in the proceeds can be assigned just as any other chose in action. *Georgia Co-Op. Fire Assn. v. Borchardt & Co.*, 123 Ga. 181, 183 (51 SE 429, 3 AC 472); 5 Appleman, Insurance Law and Practice 637, § 3458; see 29 AmJur 938, § 664.

A statute provides that provisions contained in security instruments covering realty, that the property conveyed shall secure, in addition to the debt therein named or described, any other debt or obligation that may be or become owing by the grantor, are limited to other debts arising ex contractu between the original parties to the security instrument (Ga. L. 1958, p. 655; *Code Ann.* § 67-1316). The plaintiff contends that this statute does not affect "dragnet clauses" in security instruments covering personal property, and that decisions before the statute became effective are still applicable to the "dragnet clauses" in its assigned bill of sale to secure debt and factor's lien. Assuming that this contention is correct, "the mortgagee cannot recover for a debt secured by a mortgage other than that covered by the policy, nor can he recover for any increase in the indebtedness which came within the security of the mortgage after the fire." 45 CJS 1026, § 919. "Under a standard mortgage clause, the

liability of the insurer is prospective, and is to be determined by the rights of the mortgage as of the time of loss." 5 Appleman, Insurance Law & Practice 562, § 3401; 5 Couch on Insurance 2d 360, § 29:75. An assignee who after a fire loss acquires the rights of a mortgagee-loss payee can have no greater rights than his assignor.

The trial court did not err in sustaining the defendant's renewed general demurrers and special demurrers numbers 8, 9, 11 and 12 to count 2 of the petition.

4. In each of the counts of the petition the plaintiff prayed for interest at the rate of 7% per annum on the principal sum sued for from the date of the fire loss. The defendant demurred on the ground that the petition did not show that the amount of loss was liquidated, i.e., that it had been determined in any of the ways provided in the policy; and, the plaintiff's claim being unliquidated, the plaintiff was not entitled to recover interest before a verdict determining the amount of the loss and a judgment were rendered in the case. The amount of insurance coverage provided by the policy was $360,000, and the policy provided that the amount of loss shall be determined "either by agreement between the insured and [the insurer] expressed in writing" or by an award in writing made by appraisers selected by the parties in a manner provided in the policy. The petition alleges that the amount of the fire loss was $356,338.12, and that after the insured had filed proofs of loss and complied with other conditions the insurer paid a part of the loss, totaling $133,678, to parties having claims as or through loss payees named in the policy, but that the insured demanded payment for the remainder of the loss and the insurer through its counsel denied liability to the insured. The petition does not specifically allege the reason for the defendant's denial of liability. It does not allege that the amount of loss had been agreed upon in writing between the insured and insurer or had been otherwise determined in accordance with the policy; nor does it allege that the defendant disputed the amount of the loss.

Our courts have taken the position that when on entering upon trial the insurer disputes the amount of loss claimed by the insured, interest on the amount recovered begins only after entry

of judgment. *Firemen's Ins. Co. v. Oliver*, 182 Ga. 212, 213 (184 SE 858) ; *Insurance Co. of North America v. Folds*, 42 Ga. App. 306, 307 (155 SE 782) ; *Firemen's Ins. Co. v. Oliver*, 53 Ga. App. 638, 641 (186 SE 706) ; *Jackson v. Security Ins. Co.*, 54 Ga. App. 133 (187 SE 236) ; *Colevins v. National Fire Ins. Co.*, 110 Ga. App. 533 (139 SE2d 145) ; 47 CJS 28, Interest, § 19.

Even if the petition could be construed to mean that the defendant denied liability for a reason other than a dispute of the amount of the loss, we have found no authority to support the plaintiff's contention that when the insurer denies liability for a reason other than the amount of the insured's claim of loss the insured is entitled to interest before judgment.

The trial court did not err in sustaining the defendant's demurrers numbers 2, 7 and 15.

*On appeal, judgment overruling defendant's demurrers to count 3 reversed; judgment overruling demurrers to count 1 affirmed. On cross appeal, judgment sustaining demurrers to count 2 affirmed; judgment sustaining special demurrers numbers 2, 7 and 15 to counts 1, 2 and 3 respectively, affirmed. Nichols, P. J., and Deen, J., concur.*