## 67288. INTERNATIONAL INDEMNITY COMPANY v. ODOM.

McMURRAY, Chief Judge.

On August 5, 1977, the International Indemnity Company (IIC) issued an automobile insurance policy to Tommy Lee Odom. Understanding the policy to provide only for $5,000 personal injury protection (PIP) benefits, on January 18, 1978, IIC, through its general agent, sent Odom a letter (pursuant to and in compliance with OCGA § 33-34-5 (c) (formerly Code Ann. § 56-3404b (c)) prior to its amendment by Ga. L. 1982, p. 1234, which amendment is not applicable here) by first class mail and postage prepaid, advising him of optional no-fault PIP and vehicle damage coverage and the additional premiums necessary for such coverage. The letter did not contain any space for the insured's signature, but instead provided blocks to be checked.

See *Wiard v. Phoenix Ins. Co.*, 251 Ga. 698 (310 SE2d 221). The letter indicated that a lack of response within 30 days would be considered a rejection of all of the optional coverages. Odom did not respond to the letter and asserted that it was never received. See *Stafford v. Allstate Ins. Co.*, 252 Ga. 38 (311 SE2d 437). On March 3, 1978, Odom was injured in an automobile accident and subsequently was paid $5,000 by the insurer of the host vehicle.

On or about January 11, 1982, Odom, through his attorney, requested payment of $45,000 additional PIP benefits from IIC and thereafter, on February 11, 1982, tendered to IIC the premiums due for such additional coverage. IIC claimed that Odom was not entitled to these additional PIP benefits and filed suit for declaratory relief. Odom responded and counterclaimed, seeking the additional PIP benefits, and bad faith and attorney fees. Both parties filed motions for summary judgment. The trial court granted summary judgment in favor of Odom and denied IIC's motion. The trial court, in its order, held that the insurance policy issued to Odom provided for $50,000 PIP benefits from its inception because the application form did not contain the signature spaces for the applicant to accept or reject optional coverage as required by OCGA § 33-34-5 (a), (b) (formerly Code Ann. § 56-3404b (a), (b)) prior to its amendment by Ga. L. 1982, p. 1234, which amendment is not applicable here. The trial court did not, however, address whether IIC's letter of January 18, 1978, was effectual to constitute a rejection of the optional PIP coverage, and it expressly reserved for later determination the right to rule on the issue of damages, including statutory penalties and attorney fees. It is from that order that IIC appeals. *Held*:

The case sub judice is controlled by the decision in this court's whole court case of *Int. Indemnity Co. v. Enfinger*, 170 Ga. App. 443 (317 SE2d 841) and consequently the judgment of the trial court must be reversed.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MARCH 8, 1984 —
REHEARING DENIED MARCH 21, 1984.

*Michael L. Wetzel*, for appellant.
*Robert P. Wildau*, for appellee.