66925, 66926. INTERNATIONAL INDEMNITY COMPANY
v. ENFINGER; and vice versa.
(329 SE2d 575)

DEEN, Presiding Judge.

1. When this case first appeared before this court, *Intl. Indem. Co. v. Enfinger*, 170 Ga. App. 443 (317 SE2d 841) (1984), two different views were expressed on the effect and use of OCGA § 33-34-5 (c). The majority opinion favored a type of wild card unlimited use, applying to both pre and post March 1, 1975, policies, and specifically holding that a notice given under OCGA § 33-34-5 (c) could operate as a curative mechanism for an insurance application which was defective under OCGA § 33-34-5 (b). The dissent, however, expounded the limited use of subsection (c) as applicable only to policies in existence prior to March 1, 1975.

On certiorari to the Supreme Court, the latter view contained in the dissent prevailed. *Enfinger v. Intl. Indem. Co.*, 253 Ga. 185 (317

SE2d 816) (1984). Accordingly, our earlier opinion, which had reversed the trial court in the main appeal, must now be vacated and the decision of the Supreme Court made the judgment of this court, and the trial court's judgment in that Case No. 66925 is affirmed.

2. The cross-appeal (case 66926) was formerly deemed moot by this court. That ruling is now vacated and we consider the sole question raised, whether the trial judge erred in ruling that there was "no issue of bad faith, as a matter of law, that would authorize the question of penalties, attorney fees, and punitive damages to be submitted to a jury." The trial judge reasoned "inasmuch as the law was in a state of uncertainty when plaintiff filed his complaint in August 1982, defendant's refusal to pay was not unreasonable, frivolous, or unfounded as a matter of law."

This court by a 5 to 4 decision found in favor of defendant's contentions that it was not liable. In reversing, the Supreme Court recognized, with respect to this court's interpretation of OCGA § 33-34-5 (c): "While we agree the words of the section are susceptible to such a construction, we believe the legislature did not intend the section be given such a broad application."

The uncertainty of the law being demonstrated by the division of judicial opinion along the way to its clarification, it is held that the trial judge did not err in concluding that the insurer did not defend in bad faith. *Southern Guaranty Ins. Co. v. Rowland*, 169 Ga. App. 554, 556 (313 SE2d 753) (1984); *Government Employees Ins. Co. v. Mooney*, 250 Ga. 760 (3) (300 SE2d 799) (1983); *Montgomery v. Ga. Farm &c. Ins. Co.*, 253 Ga. 169 (3) (317 SE2d 837) (1984).

*Judgment affirmed in 66925 and 66926. Banke, C. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, Pope, Benham and Beasley, JJ., concur.*

DECIDED MARCH 12, 1985 —
REHEARING DENIED MARCH 29, 1985 —

*Michael L. Wetzel*, for appellant.
*Ben Kirbo*, for appellee.