72824, 72825. INTERNATIONAL INDEMNITY COMPANY
v. ENFINGER; and vice versa.
73010. ODOM v. INTERNATIONAL INDEMNITY COMPANY.
(352 SE2d 575)

BENHAM, Judge.

These appeals have been combined for appellate consideration since the issues are related and have been jointly considered in previous appearances before the appellate courts of this state. The factual history of these cases can be found in *International Indem. Co. v. Enfinger*, 170 Ga. App. 443 (317 SE2d 841) (1984), rev'd 253 Ga. 185 (317 SE2d 816) (1984), cert. denied 105 SC 443 (1984), on remand 174 Ga. App. 268 (329 SE2d 575) (1985); and *International Indem. Co. v. Odom*, 170 Ga. App. 447 (317 SE2d 844) (1984), rev'd 253 Ga. 210 (317 SE2d 833) (1984), on remand 174 Ga. App. 6 (329 SE2d 307) (1985). The facts are sufficiently set out in prior proceedings and can be consulted for background information.

The main appeal in Case No. 72824 arose out of the trial court's denial of International Indemnity Company's ("IIC") motion to preclude prejudgment interest. The cross-appeal in Case No. 72825 and the appeal in Case No. 73010 arose out of the trial court's granting of summary judgment to IIC on the issue of bad faith penalties, attorney fees and interest.

1. The pivotal issue that concerns all parties is whether the respective trial courts erred in granting summary judgment to appellee/IIC on the issue of bad faith penalties, attorney fees, and interest.

While this issue was pending before this division, another division of this court issued a decision in *International Indem. Co. v. Coachman*, 181 Ga. App. 82 (351 SE2d 224) (1986), which concerned the same issue. Finding abounding wisdom, reason, and precedent in *International Indem. Co. v. Coachman*, we have decided to follow it unreservedly and to quote from it liberally. IIC contended there, as it does here, that since it filed a writ of certiorari to the United States Supreme Court under the *McFather* rule (*Cotton States Mut. Ins. Co. v. McFather*, 251 Ga. 739 (3) (309 SE2d 799) (1983)), no final determination was made until the writ was denied. Therefore, the trial court was correct in denying the claim for bad faith penalties. As in *Coachman*, we reject this argument and quote from that opinion:

"The relevant question . . . is at what point in the appellate process did *Enfinger* [and *Odom*] become 'final' in the sense that an insurer could no longer rely upon former OCGA § 33-34-5 (c) to vindicate its 'good faith' in denying entitlement to optional no-fault PIP benefits under *Jones* and *Flewellen* to those who were insured under policies issued subsequent to March 1, 1975. Under the evidence of record in the instant case[s], . . . we cannot say that a finding was demanded that [IIC's] failure or refusal to pay within 30/60 days of July 25, 1984 was in 'good faith' as a matter of law or that a finding was not authorized to the effect that appellant's delay pending disposition of the application for the federal writ of certiorari in *Enfinger* was not merely a dilatory tactic. Notwithstanding that application for certiorari, there was additional evidence in the instant case[s] that *Enfinger* [and *Odom*] become 'final' for purposes of OCGA § 33-34-6 upon our Supreme Court's denial of the motion for rehearing [in *Enfinger*], in that no viable avenue of further appellate recourse was reasonably available. [Cits.]" Hence, we find Enfinger's and Odom's enumerations meritorious, and we reverse the trial court's grants of summary judgment to IIC as to bad faith penalties, attorney fees, and interest.

2. IIC contends in the main appeal in Case No. 72824 that the trial court erred in denying its summary judgment motion as to prejudgment interest by determining that the claim was liquidated. At issue here is the trial court's determination that the optional PIP benefits claim is a liquidated one under OCGA § 7-4-15 and that Enfinger is entitled to statutory interest from the date the medical bills were incurred and, as to the loss of wages, from the last day of each month of disability until December 7, 1984. The date of December 7, 1984, is set as the cut-off as to the interest since optional PIP benefits in the amount of $45,000 were paid on that date.

OCGA § 33-34-6 (a), (b) states, in pertinent part: "Payment of benefits . . . must be made periodically on a monthly basis as expenses are incurred or, in the case of total disability, as disability continues . . . Benefits . . . shall be payable monthly as loss accrues [and] . . . are overdue if not paid within 30 days after the insurer receives reasonable proof of the fact and the amount of loss . . ."

OCGA § 7-4-15 states: "All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them . . ."

Relying in part on *International Indem. Co. v. Terrell*, 178 Ga. App. 570 (344 SE2d 239) (1986), but also citing *Pacific Ins. Co. v. R. L. Kimsey*, 114 Ga. App. 411 (4) (151 SE2d 541) (1966); and *Firemen's Ins. Co. v. Oliver*, 182 Ga. 212 (184 SE 858) (1935), appellant IIC argues that the claim remained unliquidated and that no prejudgment interest was due. We find this issue to be controlled by the rul-

ing in *Terrell,* supra at 571: "Thus, appellant is indebted for prejudgment interest at the legal rate on $45,000 in optional no-fault benefits, from the date of demand . . . until the date of tender [December 7, 1984] less the thirty-day statutory exclusion. OCGA § 33-34-6 (b)."

The trial court's determination that Enfinger is entitled to prejudgment interest is affirmed, but, to the extent the trial court's ruling is contrary to the ruling in *Terrell* as to the time prejudgment interest begins to accrue, it is hereby reversed and remanded with direction to enter a new judgment in accordance with our holding.

*Judgment affirmed in part and reversed in part and case remanded with direction in Case No. 72824. Judgments reversed in Case Nos. 72825 and 73010. Deen, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED DECEMBER 1, 1986 —
REHEARINGS DENIED DECEMBER 19, 1986 — ■

*Michael L. Wetzel,* for International.
*Ben Kirbo,* for Enfinger.
*Robert P. Wildau,* for Odom.