A90A0071. SANTIAGO v. SAFEWAY INSURANCE COMPANY.
(396 SE2d 506)

POPE, Judge.

Plaintiff Dr. Lad Santiago provided health care to three patients injured in an automobile collision. Defendant Safeway Insurance Company was the no-fault carrier for the three injured parties. Safeway received notification that all three executed an agreement assigning their rights to insurance proceeds to Dr. Santiago. However, benefits were paid directly to the injured parties and Dr. Santiago was not paid. He filed suit against Safeway for the value of health care services provided to the insureds plus interest, and for punitive damages and expenses of litigation and attorney fees. The trial court granted summary judgment to Safeway and denied Dr. Santiago's motion for partial summary judgment on the issue of whether the assignments of benefits entitled him to payment plus interest. Plaintiff Santiago appeals.

1. "[An insurance] policy may be assignable or not assignable, as provided by its terms." OCGA § 33-24-17. In this case, the policy providing coverage contained language stating that the insured's "rights and duties under this policy may not be assigned without our written consent." Safeway did not consent to the assignments of benefits by the insureds to Dr. Santiago. However, the assignments did not assign the policy itself but only the benefits due the insureds after the loss had already occurred. The assignments did not in any way affect the risk insured by the policy. Cf. *James v. Pa. Gen. Ins. Co.*, 167 Ga. App. 427 (306 SE2d 422) (1983) (in which this court announced a "risk-focused analysis" in resolving whether transfer of title to insured property affected the insurer's liability).

"After [a] loss, the claim of the insured, like any other chose in action, could be assigned without in any way affecting the insurer's liability. It has been held, rightly we think, that a condition in a policy of . . . insurance prohibiting an assignment or transfer of the same after loss, without the consent of the insurer, is null and void, as inconsistent with the covenant of indemnity and contrary to public policy. . . . No right of the insurer being affected by the assignments of the policies, it would be a mere act of caprice or bad faith for it to

take advantage of the stipulation that the transfers were subject to its consent, by withholding such consent in order to defeat the claim of the assignee. The assignments being perfectly valid without the consent of the insurer, and its rights being in no way affected thereby, the condition in question was superfluous, and the law will not tolerate its enforcement against the assignee." (Citations omitted.) *Georgia Co-Op. Fire Assn. v. Borchardt & Co.*, 123 Ga. 181, 183-184 (51 SE 429) (1905). Interest in the proceeds of a policy of insurance after a loss to the insured has occurred may be assigned just as any other chose in action. *Canal Ins. Co. v. Savannah Bank &c. Co.*, 181 Ga. App. 520 (4) (352 SE2d 835) (1987); *Pacific Ins. Co. v. R. L. Kimsey Cotton Co.*, 114 Ga. App. 411 (3) (151 SE2d 541) (1966).

The law of other jurisdictions appears to recognize the right of an assignee of insurance benefits to bring an action to recover payment. "An assignment of the policy after loss, or in other words an assignment of the claim for the loss, is valid, and transfers to the assignee the right to the proceeds of the insurance. . . . Such an assignment is valid, even though the policy provides that it shall be void if assigned, either before or after the loss, without the consent of insurer, for such an assignment relates to the cause of action and not to the policy. . . . If insurer has notice of the assignment . . . and, if insurer thereafter pays the proceeds to insured or his creditors, it does not discharge itself from liability to the assignee." 46 CJS, Insurance, § 1152 (1946). Interpreting Georgia law, the United States District Court for the Northern District of Georgia has held that a hospital, as assignee of benefits due under a policy of insurance, is entitled to maintain an action against a health insurance company for benefits due. See *Hospital Auth. of Fulton County v. State Mut. Life Assur. Co. &c.*, No. 1:87-CV-2305-MHS, unpublished slip op. (N.D. Ga. Aug. 14, 1989). We agree that where the insurance company had notice of the assignment, the health care provider may maintain an action for benefits due under the policy.

In both *Reserve Life Ins. Co. v. Peavy*, 94 Ga. App. 31 (93 SE2d 580) (1956), and *Vulcan Life Ins. Co. v. Davenport*, 191 Ga. App. 79 (380 SE2d 751) (1989), the insurance companies defended an action by the insured on the ground that the insured's assignment to a health service provider vested the right to sue to recover benefits solely in the assignee. In both those cases the issue presented for review was whether the insured retained a right to maintain an action for insurance benefits if the insured had assigned the benefits to a health care provider. In both cases this court held that the insured still had standing to bring an action for payment of benefits. Thus, the statement contained in both those opinions that the assignment does not authorize the assignee to bring suit on the policy in its own name is dicta.

The *Davenport* opinion adopted the language of the earlier *Peavy* opinion, which recognized that a health care provider, which had been assigned benefits from an insurance policy, had a substantial interest in the benefits but that its interest could be asserted only in the name of the insured. However, *Peavy* was decided prior to the enactment of the Civil Practice Act. In support of its holding, the court in *Peavy* cited *Jones v. Reed*, 58 Ga. App. 72 (2a) (197 SE 665) (1938), which was governed by § 81-1307 of the 1933 Code of Georgia allowing the named party in a lawsuit to sue for the "use" of another unnamed party. That former Code section was repealed and replaced by the Georgia Civil Practice Act (Ga. L. 1966, p. 609 et seq.). Our current law allows an action to be brought in the name of the real party in interest which, in the case at hand, is the health care provider/assignee. See OCGA § 9-11-17 (a). To the extent the opinions in *Davenport* and *Peavy* are inconsistent with our holding in this case and the holding in *Georgia Co-Op. Fire Assn. v. Borchardt & Co.*, supra, they are disapproved.

2. "[A] debtor of the assignor, who has notice of the assignment, [pays] the debt to the assignor . . . at his own peril. 'It is the established rule in the United States that an assignment for a valuable consideration, with notice to the debtor, imposes on him an equitable and moral obligation to pay the assignee.' [Cit.]" *Metropolitan Life Ins. Co. v. Morrow*, 10 Ga. App. 433 (2) (73 SE 607) (1912). Here, Safeway had notice of the assignment but nevertheless paid all benefits to the insureds rather than the assignee, Dr. Santiago. Thus, Safeway is liable to the assignee and Dr. Santiago is entitled to partial summary judgment. See *United States v. Mercury Motor Express*, 294 FSupp. 919 (S.D. Ga. 1968).

*Judgment reversed. Carley, C. J., McMurray, P. J., and Cooper, J., concur. Sognier, J., concurs in judgment only. Deen, P. J., Banke, P. J., Birdsong and Beasley, JJ., concur specially.*

BEASLEY, Judge, concurring specially.

1. In this case, the insured's assignee, who provided health care, sued to enforce his right to proceeds of the insured's coverage. In *Vulcan Life Ins. Co. v. Davenport*, 191 Ga. App. 79 (380 SE2d 751) (1989), the insured sued to enforce both his and the assignee/providers' recovery of the proceeds. In both cases the contract itself was not assigned, only the benefits due after the loss occurred, so that the assignments did not affect the risk insured by the policies. In both cases the insurer attempted to avoid payment of the proceeds on the ground that the party suing under the policy was not authorized to do so in its own name because of the assignments. Both cases reached the same result, i.e., allowing the plaintiffs to bring suit in their own names and directly recover the insurance benefits.

*Davenport* allowed the action to be maintained by the insured, who had assigned some of the benefits under the policy to the health care provider, for the "use" of the assignee under the authority of *Reserve Life Ins. Co. v. Peavy*, 94 Ga. App. 31 (93 SE2d 580) (1956), which was governed by former Code Ann. § 81-1307. This decision permits the assignee/provider to sue in his own name for the benefits due as the real party in interest under OCGA § 9-11-17 (a), noting that the latter provision repealed the former. Since the "use" theory relied upon in *Peavy* was derived from the repealed statute, that portion of the quote in Division 6 of *Davenport* from *Peavy* indicating by dicta that *only* the insured could sue is properly disapproved. However, the result reached was not inconsistent with the holding in this case.

2. I cannot adopt as the law of Georgia the entire statement quoted from CJS, insofar as it equates an assignment of the *policy* with an assignment of the *claim* for loss. The two are distinct and different. *Davenport* and *Santiago* both involve only assignments of the right to benefits, that is the claim, not the policy contract itself.

I am authorized to state that Presiding Judge Deen, Presiding Judge Banke, and Judge Birdsong join in this special concurrence.

DECIDED JUNE 28, 1990 —
REHEARING DENIED JULY 20, 1990 — CERT. APPLIED FOR.

*Glenville Haldi*, for appellant.
*Crim & Bassler, Harry W. Bassler, Philip G. Pompilio*, for appellee.
*Leon Van Gelderen, James D. Hollingsworth, Jason T. Schneider*, amici curiae.