A90A0490. KLEMPNER et al. v. SAFEWAY INSURANCE COMPANY.

(396 SE2d 527)

POPE, Judge.

Members of plaintiff, a professional corporation, provided chiropractic health care to two patients injured in an automobile collision. Defendant Safeway Insurance Company was the no-fault carrier for the injured parties. Plaintiff brought suit against the two patients and Safeway for payment for services rendered plus attorney fees, punitive damages and a penalty for bad faith refusal to pay benefits. Although Safeway denied in its answers that plaintiff notified it of the assignments of benefits, the record shows Safeway received a copy of a written agreement signed by each patient assigning his rights to insurance proceeds to plaintiff. However, benefits were paid directly to the injured parties and they, in turn, did not pay plaintiff. Service of process was never perfected against the two insureds, the cases were consolidated and plaintiff proceeded solely against Safeway. The trial court granted summary judgment to Safeway and denied plaintiff's motion for partial summary judgment on the issue of whether the assignment of benefits entitled plaintiff to payment as well as on the issue of whether plaintiff is entitled to recover a penalty for bad faith failure to pay benefits to plaintiff. Plaintiff appeals.

1. We conclude that the trial court erred in granting summary judgment to defendant Safeway for reasons set forth in Division 1 of our opinion issued in *Santiago v. Safeway Ins. Co.*, 196 Ga. App. 480 (___ SE2d ___) (1990) (physical precedent only).

2. For reasons set forth in Division 2 of the *Santiago* opinion, we also conclude that plaintiff is entitled to summary judgment on its claim for benefits. However, the *Santiago* opinion did not address the issue of whether a health care provider/assignee is entitled to recover a penalty for bad faith failure to pay benefits pursuant to OCGA § 33-34-6.

Said Code section acknowledges that no-fault payments "may be paid by the insurer directly to persons or firms supplying services or accommodations to the claimant." It also permits "the person entitled

to benefits" to bring an action for a penalty against the insurer for failure or refusal to pay benefits when due. Since the statute refers to the "claimant," we interpret the use of the phrase "person entitled to benefits" to mean that a party other than the claimant may be entitled to benefits and may bring an action for a penalty. Consequently, we hold that plaintiff, as a health care provider/assignee of benefits, may bring an action for a bad faith penalty where, as here, the insurer had notice that the claimant's benefits had been assigned. However, we do not agree with plaintiff that it is entitled as a matter of law to recover a penalty because whether the insurer's failure to pay was in good faith remains an issue for the trier of fact, which may consider whether prompt payment to the insureds is evidence of the insurer's good faith even though such payment did not discharge the insurer's liability to the plaintiff.

*Judgment reversed in part and affirmed in part. Deen, P. J., and Beasley, J., concur specially.*

DEEN, Presiding Judge, concurring specially.

I must concur in the judgment only, as the case relied upon by the majority opinion, *Santiago v. Safeway Ins. Co.*, 196 Ga. App. 480 (___ SE2d ___) (1990) was adopted by only a 4-1-4 vote and is without precedential value. Rule 35 (b) of the Court of Appeals.

BEASLEY, Judge, concurring specially.

I concur but do not thereby intend to diminish the content or effect of the special concurrence in *Santiago v. Safeway Ins. Co.*, 196 Ga. App. 480 (___ SE2d ___) (1990).

DECIDED JULY 11, 1990 —
REHEARINGS DENIED JULY 31, 1990 — CERT. APPLIED FOR.

*Leon A. Van Gelderen*, for appellants.
*Crim & Bassler, Harry W. Bassler, Philip G. Pompilio*, for appellee.
*Hollingsworth & Associates, James D. Hollingsworth, Jason T. Schneider*, amici curiae.