## A04A1209. ADAMS v. GAY.
(606 SE2d 26)

JOHNSON, Presiding Judge.

On October 27, 1998, Alexander Pratt Adams signed an agreement creating an irrevocable trust, named the "A. Pratt Adams Irrevocable Trust — 1998," which identified Adams and his children as the beneficiaries. On the same date, Adams funded the irrevocable trust by assigning to it his interests in two other existing trusts. Under the assignment, Adams transferred half his remaining interest in the Mary T. Adams Trust and all of his interest in the Thomas H. Adams Trust to the newly created A. Pratt Adams Irrevocable Trust — 1998. Three years after the execution of the irrevocable trust and assignment, in December 2001, Adams signed a document entitled "Revocation of Assignment," in which he stated his intention to revoke the assignment and demanded that any funds identified in the assignment be paid directly to him.

Adams subsequently filed the instant lawsuit against Edgar Gay, the trustee of the 1998 irrevocable trust, the trustees of the two trusts identified in the 1998 assignment, and his two minor children. In the complaint, Adams seeks declaratory judgment and other relief enforcing his 2001 revocation of assignment and invalidating the 1998 irrevocable trust. Adams and Gay filed opposing motions for summary judgment. The trial court denied Adams' motion and granted Gay's motion, finding that the 1998 assignment is not subject to revocation and that the irrevocable trust is valid. Adams appeals, challenging the grant of summary judgment to Gay.

1. Adams argues that the trial court erred in refusing to enforce his attempted revocation of the assignment. The argument is without merit.

"One who, for a valuable consideration, divests himself of the right to receive money due him, and vests this right in an assignee or transferee, can not, without the consent of his assignee, reinvest himself with the right to receive it."[1] In this case, the assignment executed by Adams expressly acknowledges that he transferred his interests to the irrevocable trust for valuable consideration. The assignment provides in pertinent part:

> [F]or and in consideration of the natural love and affection Assignor has for the beneficiaries of the A. Pratt Adams Trust, and other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, Assignor does hereby transfer, assign and convey to . . .

---

[1] *Metro. Life Ins. Co. v. Morrow*, 10 Ga. App. 433-434 (2) (73 SE 607) (1912).

trustee of the A. Pratt Adams Trust, for the uses and benefits set forth therein, one-half of all of his remaining right, title and interest in the Mary T. Adams Trust . . . and all of his right, title and interest in the Thomas H. Adams Trust, to the A. Pratt Adams Trust.

The trial court found that since there was valuable consideration for the transfer, which Adams had not challenged, he could not revoke the assignment without the consent of the assignee. On appeal, Adams contends that this finding was incorrect because he had in fact challenged the valuable consideration supporting the assignment. The lone piece of evidence that Adams cites in support of this contention is his own deposition testimony that the attorney who drafted the assignment had at some point told him that the money would always be available to him.

Contrary to Adams' contention, this deposition testimony does not create a genuine issue of material fact.[2] First, it is merely self-serving hearsay that has no probative value on summary judgment.[3] Second, we fail to see how an alleged statement by an attorney that the money would always be available to Adams amounts to a claim by Adams challenging the valuable consideration for the assignment.

Under these circumstances, Adams has failed to show that the trial court erred in finding that there was unchallenged valuable consideration for the assignment, and that Adams therefore could not revoke the assignment without the assignee's consent.[4] Moreover, since it is undisputed that the assignee has not consented to a revocation of the assignment, the trial court correctly ruled that the assignment remains valid and has not been revoked.

2. Adams claims that the trial court erred in failing to find that there are questions of fact as to the validity of the irrevocable trust. The claim is without merit.

He first argues that there is a question of fact as to whether he signed the irrevocable trust based on a mistake. He supports this argument by citing his deposition testimony that he signed the trust because an attorney told him that it was merely a formality to ensure that his money would go to his children, rather than his former wife, in the event that something were to happen to him. Adams has failed

---

[2] OCGA § 9-11-56 (c).

[3] See *Hodges v. Putzel Elec. Contractors*, 260 Ga. App. 590, 594 (1) (580 SE2d 243) (2003); *Sherrill v. Stockel*, 252 Ga. App. 276, 278 (557 SE2d 8) (2001).

[4] *Metro. Life*, supra.

to explain how this shows a mistake on his part. Rather than a mistake, it seems to show a motive for his execution of the trust.

Furthermore, even if we assume for the sake of argument that it somehow shows a mistaken belief by Adams, such a unilateral mistake would not justify setting aside the trust absent a showing of fraud or inequitable conduct by the opposing party.[5] The record is devoid of any such evidence, and therefore Adams has failed to show any genuine issue of material fact as to the trust's validity.

Adams also contends that there is a question of fact as to whether the irrevocable trust should be invalidated under OCGA § 53-12-152 (a) (3), which provides that trust property can be distributed where the existence of unanticipated circumstances would defeat or substantially impair the accomplishment of the purpose of the trust. While Adams did raise an argument in the trial court under OCGA § 53-12-152, it was not this argument. Rather, he argued in the trial court that the trust should be invalidated under OCGA § 53-12-152 (a) (1), which allows for termination where the costs of the administration of the trust are such that continuance of the trust would defeat or substantially impair the purpose of the trust. Because Adams' appellate argument is different from that asserted in the trial court, it has been waived and may not be raised for the first time on appeal.[6]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 1, 2004 —
RECONSIDERATION DENIED OCTOBER 14, 2004.

*Duffy & Feemster, Dwight T. Feemster, Matthew M. Bush*, for appellant.
*Brannen, Searcy & Smith, William N. Searcy, Ellis, Painter, Ratteree & Adams, Kimberly C. Harris*, for appellee.

---

[5] See *Ready Trucking v. BP Exploration &c. Co.*, 248 Ga. App. 701, 703 (2) (548 SE2d 420) (2001).
[6] See *Mary A. Stearns, P.C. v. Williams-Murphy*, 263 Ga. App. 239, 243 (1) (b) (587 SE2d 247) (2003).